UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE iPHONE 4 PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Case No. 5:10-md-02188-RMW (PSG)<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER REGARDING MEDIATION**<br><br>The Honorable Ronald M. Whyte |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials produced in connection with mediation ("Stipulated Protective Order").

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in connection with mediation in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than mediation of this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Stipulated Protective Order governs discovery and the use of information in connection with the mediation of *In Re Apple iPhone 4 Products Liability Litigation*, Case No. 5:10-md-02188-RMW.

2. **DEFINITIONS**

(a) <u>Action</u>: means the above-captioned consolidated action, presently pending in the United States District Court for the Northern District of California.

(b) <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

(c) <u>Protected Material</u>: All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in connection with the mediation in this matter. All Protected Material shall be marked "HIGHLY CONFIDENTIAL MEDIATION MATERIAL – ATTORNEYS EYES ONLY."

(d) <u>Receiving Party</u>: A Party that receives Protected Material provided, produced or made available for inspection by a Producing Party.

(e) <u>Producing Party</u>: A Party that provides, produces or makes available for inspection Protected Material in the course of this Action.

(f) <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

(g) <u>In-House Counsel</u>: Attorneys who are employees of a Party.

1   (h)     <u>Counsel</u> (without qualifier):  Outside Counsel and In-House Counsel (as
2   well as their support staffs).

3   (i)     <u>Expert</u>:  A person with specialized knowledge or experience in a matter
4   pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert
5   witness or as a consultant in this Action.

6   3.     <u>SCOPE</u>

7   This Stipulated Protective Order shall govern all Protected Material, in whatever form,
8   provided, produced, or made available for inspection in connection with the mediation conducted
9   in this Action.  The protections conferred by this Stipulated Protective Order cover not only
10  Protected Material (as defined above) but also any information copied or extracted therefrom, as
11  well as all copies, excerpts, summaries or compilations thereof.

12  Nothing herein shall be construed to prevent a Producing Party from reviewing, using or
13  disclosing its own Protected Material in any manner that it deems appropriate.

14  4.     <u>DURATION</u>

15  Even after the termination of this Action, the confidentiality obligations imposed by this
16  Stipulation and Protective Order shall remain in effect until a Producing Party agrees otherwise in
17  writing or a Court order otherwise directs.

18  5.     <u>CONTRACTUAL OBLIGATIONS TO NON-PARTIES</u>

19  In connection with the mediation of this Action, a Party may be requested to produce
20  information that is subject to contractual or other obligations of confidentiality owed to a non-
21  party.  The Party subject to the contractual or other obligation of confidentiality shall promptly
22  contact the person to whom the obligation is owed to determine whether that person is willing to
23  permit disclosure of the confidential information under the terms of this Stipulated Protective
24  Order.  If that person is so willing, the information shall be produced in accordance with this
25  Stipulated Protective Order.  If the person to whom the obligation is owed is not willing to permit
26  disclosure of the confidential information under the terms of this Stipulated Protective Order, or
27  fails to respond before responses or production is due, the Party seeking the information in this
28  Action shall be so notified and given a description of the documents withheld, the reason for

STIPULATED PROTECTIVE ORDER
CASE NO. 5:10-md-02188-RMW
DCACTIVE-15394896.1

3

withholding the documents, the person to whom the obligation of confidentiality is owed and the person's contact information. This description shall be produced as promptly as practicable.

6.     USE OF PROTECTED MATERIAL

The Parties may use Protected Material that is disclosed or produced by another Party in connection with mediation in this Action only for purposes of the mediation. A Receiving Party may not use Protected Material for any other purpose, including, without limitation, any other litigation or any business or competitive function. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order and may not be disclosed to Experts or to the media. For purposes of this Stipulated Protective Order, and specifically as utilized in the preceding sentence, "disclosed" or "disclose" shall mean any physical or electronic showing of the Protected Materials to any person, including communication in any form of the contents (in whole or in part) or existence of the Protected Materials. When this Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 8 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Stipulated Protective Order.

7.     DISCLOSURE OF PROTECTED MATERIAL

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose Protected Material only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action; and

(c) any mediators and their personnel.

1   The Party's Counsel who discloses Protected Material shall be responsible for assuring
2   compliance with the terms of this Stipulated Protective Order with respect to persons to whom
3   such Protected Material is disclosed.

4       8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>
5           <u>OTHER LITIGATION</u>

6   If a Receiving Party is served with a subpoena or an order issued in other litigation that
7   would compel disclosure of any Protected Material, the Receiving Party must so notify the
8   Producing Party in writing (by fax or email, if possible) immediately and in no event more than
9   three court days after receiving the subpoena or order.  Such notification must include a copy of
10  the subpoena or court order.

11  The Receiving Party must also immediately inform in writing the party who caused the
12  subpoena or order to issue in the other litigation that some or all of the material covered by the
13  subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving
14  Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other
15  action that caused the subpoena or order to issue.

16  The purpose of imposing these duties is to alert the interested parties to the existence of this
17  Stipulated Protective Order and to afford the Producing Party in this case an opportunity to try to
18  protect its confidentiality interests in the court from which the subpoena or order issued.  The
19  Producing Party shall bear the burden and expense of seeking protection in that court of its
20  Protected Material.  Nothing in these provisions should be construed as authorizing or encouraging
21  a Party in this action to disobey a lawful directive from another court.

22      9.    <u>FINAL DISPOSITION</u>

23  Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after
24  the conclusion of mediation of this action, each Receiving Party must, at the Producing Party's
25  option, destroy all Protected Material or return it to the Producing Party.  As used in this
26  paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any
27  other form of reproducing or capturing any of the Protected Material.  Whether the Protected
28  Material is returned or destroyed upon request by the Producing Party, the Receiving Party must

| | |
|---|---|
| 1 | submit a written certification to the Producing Party by the 90-day deadline that identifies (by |
| 2 | category, where appropriate) all Protected Material that was returned or destroyed and affirms that |
| 3 | the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms |
| 4 | of reproducing or capturing any of the Protected Material. |
| 5 | STIPULATED AND AGREED TO BY: |

DATED: June 15, 2011          ROTHKEN LAW FIRM

IRA P. ROTHKEN (State Bar No. 160029)

_/s/ Ira P. Rothken_
3 Hamilton Landing, Ste 280
Novato, CA 94949
Telephone: 415/924-4250
415/924-2905 (fax)
ira@techfirm.net

STUART A. DAVIDSON
Florida Bar No. 084824
CULLIN A. O'BRIEN
Florida Bar No. 597341
MARK DEARMAN
Florida Bar No. 0982407
ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
cobrien@rgrdlaw.com
mdearman@rgrdlaw.com

Jennifer Sarnelli (State Bar No. 242510)
GARDY & NOTIS, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Telephone: 201/567-7377
201/567-7337 (fax)
jsarnelli@gardylaw.com

Behram V. Parekh (State Bar No. 180361)
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue, Fourth Floor
El Segundo, CA 90245
Telephone: 310/536-1000
310/536-1001 (fax)
bvp@kirtlandpackard.com

Co-Lead Class Counsel

1
2
3   DATED: June 15, 2011                 Counsel for Apple Inc.:
4                                        MORRISON & FOERSTER LLP
5
                                         By: _____
6                                            Penelope A. Preovolos (CA SBN 87607)
                                             ppreovolos@mofo.com
7                                            Andrew D. Muhlbach (CA SBN 175694)
                                             amuhlbach@mofo.com
8                                            Heather A. Moser (CA SBN 212686)
                                             hmoser@mofo.com
9                                            425 Market Street
                                             San Francisco, California 94105-2482
10                                           Telephone: 415.268.7000
                                             Facsimile: 415.268.7522
11
12
13   PURSUANT TO STIPULATION, IT IS SO ORDERED.
14
15
16   DATED: June 17, 2011                 _____
                                          ~~HONORABLE RONALD M. WHYTE~~
17                                        ~~United States District Judge~~
                                          PAUL S. GREWAL
18                                        United States Magistrate Judge
19
20
21
22
23
24
25
26
27
28

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER                                        7
CASE NO. 5:10-md-02188-RMW
DCACTIVE-15394896.1