Ira P. Rothken (State Bar No. 160029)
ROTHKEN LAW FIRM
3 Hamilton Landing, Ste 280
Novato, CA 94949
Telephone: (415) 924-4250
Facsimile: (415) 924-2905

Stuart A. Davidson
Mark Dearman
ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

Jennifer Sarnelli (State Bar No. 242510)
GARDY & NOTIS, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Telephone: (201) 567-7377
Facsimile: (201) 567-7337

Behram V. Parekh (State Bar No. 180361)
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue
Fourth Floor
El Segundo, CA 90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

Interim Co-Lead Class Counsel

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE APPLE IPHONE 4 PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | MDL Docket No. 10-2188 (RMW)<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, SETTING A HEARING ON FINAL APPROVAL OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS<br><br>DATE: February 17, 2012<br>TIME: 2:00 P.M.<br>CTRM: 6 - 4th Floor<br>Judge: Hon. Ronald M. Whyte |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

I.   BACKGROUND OF LITIGATION AND SETTLEMENT ............................................... 1

II.  THE COURT SHOULD PRELIMINARILY CERTIFY
     THE PROPOSED SETTLEMENT CLASS ......................................................................... 5

     A.   The Numerosity Requirement Is Met ......................................................................... 6

     B.   The Commonality Requirement is Met ...................................................................... 6

     C.   The Typicality Requirement is Met. ........................................................................... 7

     D.   The Named Plaintiffs and Class Counsel Are Adequate Class Representatives ....... 7

     E.   The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3). ............. 8

III. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT
     AGREEMENT AS "FAIR, REASONABLE, AND ADEQUATE" UNDER
     FED. R. CIV. P. 23(e)(2) ..................................................................................................... 9

     A.   The Strength Of Plaintiffs' Case And The Risk, Expense, Complexity, And Likely
          Duration Of Further Litigation ................................................................................. 10

     B.   The Amount Offered In Settlement .......................................................................... 11

     C.   The Extent of Discovery Completed and the Stage of Proceedings ........................ 11

     D.   The Experience And Views Of Counsel .................................................................. 12

     E.   The Reaction of Proposed Class Members To The Proposed Settlement ............... 13

     F.   Lack of Collusion Between The Parties ................................................................... 13

IV.  THE PROPOSED NOTICE IS ADEQUATE AND SHOULD BE APPROVED ............ 14

V.   THE COURT SHOULD ADOPT THE PARTIES' PROPOSED SCHEDULE FOR
     CONSIDERING FINAL APPROVAL OF THE SETTLEMENT .................................... 15

VI.  CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ..................................................................8

*Austin v. Pa. Dep't of Corrections.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ........................13

*Celano v. Marriot Int'l, Inc.*, 242 F.R.D. 544 (N.D. Cal. 2007) ....................................................6

*Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005) .....................................................9

*Duhaime v. John Hancock Mut. Life. Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass. 1997) ....................13

*Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) ...........................................................12

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ............................................................6

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) .......................................................7

*Id.* 8

*In re M.D.C. Holdings Sec. Litig.*, No. CV89–0090 E (M), 1990 WL 454747 (S.D. Cal. Aug. 30, 1990) ..................................................................................................................12

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) .................................................10

*In re Orthopedic Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 184 (E.D. Pa. 1997) ...........13

*In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007) ..................................................................................................................6

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007) ..................................10

*Jaffe v. Morgan Stanley & Co., Inc.*, No. C-06-3903 THE, 2008 WL 346417 (N.D. Cal. Feb. 7, 2008) ..................................................................................................................6

*Linney v. Cellular Alaska P'ship*, C-96-3008-DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997) ..................................................................................................................12

*Molski v. Gleich,* 318 F.3d 937 (9th Cir. 2003) ...........................................................................11

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) ..................................14

*Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008) ........................................................8

*Rodriguez v. West Publishing Corp.* 563 F.3d 948 (9th Cir. 2009) ............................................11

*Satchell v. Fed. Exp. Corp., No.* C 03–2659 SI, 2007 WL 1114010 (N.D.Cal. Apr.13, 2007) ..................................................................................................................14

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993) .................................................14

## STATUTES

Fed. R. Civ. P. 23 ..............................................................................................6, 7, 8, 11

## TREATISES

4 William B. Rubenstein, Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 11.25 (4th ed. 2010) ...............................................................5, 9

Manual for Complex Litigation (Fourth) ..........................................................passim

## I. BACKGROUND OF LITIGATION AND SETTLEMENT

Plaintiffs respectfully submit this memorandum in support of their Motion for Preliminary Approval of Class Action Settlement under Federal Rules of Civil Procedure 23(c)(2) and (e). The parties resolved this Action after months of negotiation, exchanges of information, and the mediation expertise of Hon. Daniel Weinstein (Ret.).

Plaintiffs[1] brought this consolidated nationwide class action[2] pursuant to Federal Rules of Civil Procedure 23, on behalf of themselves and all others similarly situated as members of the following class (the "Class"): all persons who purchased an iPhone 4 in the United States between June 24, 2010 and the present. In these consolidated cases, Plaintiffs challenge Defendants' actions in connection with their marketing, advertising and sale of the Apple iPhone 4 cellular telephone ("iPhone 4"), which Plaintiffs alleged was defective. The cases initially included both Apple and AT&T as defendants. AT&T was subsequently dismissed without prejudice.

Apple designed, manufactured, marketed, advertised, and warranted the iPhone 4 to consumers nationwide. In conjunction with each sale, Apple marketed, advertised and warranted that each iPhone 4 would work, at the very least, for the primary purpose a consumer buys a cellular phone – namely, making and receiving telephone calls. *See* Master Consolidated Complaint [Dkt. No. 14].

Plaintiffs allege that Apple knew or should have known that the iPhone 4 was defective in design and/or manufacture. More specifically, Plaintiffs allege that the iPhone 4 contains a defect that results in the reduction and/or elimination of cellular and wireless reception and performance

---

[1] Named plaintiffs are: Stacey Milrot, Christopher DeRose, Steve Tietze, Jeffrey Rodgers, Hung Michael Nguyen, Anthony Cologna, Joy Bearden, David Popik, Charles Fasano, Greg Aguilera II, Thomas Gionis, Christopher Bensberg, David Purdue, Michael James Goodglick, Karen Young, Joshua Gilson, Brandon Ellison Reininger, Trevor Antunez, Jessica Lares, Jaywill Sands, Bryan Colver, Jaclyn Badolato, Nicole Stankovitz, Vinny Curbelo, Kevin McCaffrey, Sam Balooch, Donald Garcia, Arcelia Hurtado, Mark Musin, Matt Vines, James Blackwell, and Jethro Magat.

[2] Eighteen (18) substantially similar cases were consolidated by the Judicial Panel on Multidistrict Litigation in the Northern District of California pursuant to 28 U.S.C. § 1407 of into a single action entitled, IN RE APPLE IPHONE 4 PRODUCTS LIABILITY LITIGATION, Master File No. 5:10-md-02188-RMW on November 9, 2010 with two other cases added subsequently. On February 7, 2011, Plaintiffs filed a Master Consolidated Complaint in the Actions.

when handling the phone as a reasonable, ordinary person would handle a mobile telephone while making phone calls, browsing the Internet, sending text messages, or utilizing other iPhone 4 features, and in the same manner as depicted in numerous Apple advertisements. That is to say, when a person holds their iPhone 4 as a normal person would, reception and performance plummets.

On this basis, Plaintiffs alleged 21 causes of action in their Master Consolidated Complaint [Dkt. No. 14], including violations of various common laws, California consumer protection laws, and violation of the consumer protection statutes of six other states (Florida, New York, New Jersey, Pennsylvania, Tennessee, and Texas).

**Procedural History of the Federal Actions and the Parallel California Actions**

On June 25, 2010, the first of a number of class action complaints were filed in this Court arising out of the problems associated with the iPhone 4's telephone reception. All cases pending in this Court were 'related over' by order of this Court. On September 30, 2010, the Judicial Panel on MultiDistrict Litigation heard Apple's Motion for MDL consolidation and transfer to the Northern District of California of the then pending 18 similar class actions. On October 8, 2010, the MDL panel issued it orders consolidating all actions and transferring them to this court. January 14, 2011, the Federal Court signed Pretrial Order No. 1, consolidating the federal cases into a single action entitled, *IN RE APPLE IPHONE 4 PRODUCTS LIABILITY LITIGATION*, Case No. 5:10-md-02188-RMW ("Federal Action"), appointing Plaintiffs' Co-Lead Counsel, and ordering the filing of a Consolidated Amended Complaint to supersede each of the complaints in the Action. In compliance with this Order on February 7, 2011, the federal plaintiffs filed a Master Consolidated Class Action Complaint.

Concurrently, four California state actions were also consolidated by the California Judicial Panel and transferred to the Superior Court of Santa Clara. The actions were subsequently assigned to one judge and, by agreement of the parties and court order, William M. Audet of Audet & Partners, LLP was appointed as Liaison counsel for the plaintiffs. The Court order also included a provision that coordinated the state actions with the federal MDL, including any

mediation efforts.

**Procedural History of the Mediation**

On or about February 15, 2011, Plaintiffs and Apple agreed to mediate the issues set forth in the Master Consolidated Complaint before the Honorable Daniel Weinstein (Ret.) and Catherine Yanni, Esq. As a condition of the settlement, Apple was obligated to provide critical information regarding the core issues of the case, including causation and other issues. The parties proceeded with settlement discussions, which included multiple rounds of in-person mediation along with numerous telephonic calls in between such in-person mediation sessions. On June 23, 2011, July 13, 2011 and August 4, 2011, the parties (represented by Co-Lead Counsel and state liaison counsel for the Plaintiffs) and Apple and its counsel, met in-person to mediate the terms of the proposed Settlement. Only after reaching an agreement on all the material terms of the proposed Settlement did the parties engage in an arms-length discussion with the assistance of the mediators to reach an agreement on attorney's fees. On January 24, 2012, the parties again met in-person with the mediators to draft and finalize the Settlement Agreement and exhibits. The Settlement Agreement was finalized late that evening and is attached to the Notice as Ex. A.

By agreement of the parties, this Court set a preliminary approval date of February 17, 2012.

**Summary of the Proposed Settlement**[3]

The parties' Settlement Agreement proposes certification of a Settlement Class consisting of:

> All United States residents who are or were the original owners of an iPhone 4. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; and Apple's legal representatives, successors, and assigns.

The parties estimate that there are well over twenty one (21) million members of the proposed

---

[3] All terms are given the same meaning as defined in the Parties' Settlement Agreement, which is attached as <u>Exhibit 1</u> to the Notice of Motion.

Settlement Class.

**Individual Class Member Benefits**

The proposed settlement provides, as more fully set forth in the Settlement Agreement (Ex. A to the Notice), substantial benefits to proposed Class Members, including, but not limited to, the following:

> A. CASH
> $15 Cash Payment to Eligible Settlement Class Members who file a valid Claim Form.
>
> B. FREE BUMPERS
> free Apple Bumpers as described at http://support.apple.com/kb/HT4389 for at least eighteen (18) months after Apple discontinues the iPhone 4.

**Notice**

The Settlement Agreement request that notice of this proposed settlement be disseminated to proposed Settlement Class Members, at Apple's sole expense, as follows:

> A. MAILING
>
> A copy of the Notice of Pendency and Proposed Settlement of Class Action substantially in the form attached to the Settlement Agreement as Exhibit A (the "Class Notice"), together with the Claim Form (including the Instructions, Claim Form and Release) substantially in the form attached to the Settlement Agreement as Exhibit C, shall be posted and available for download on a settlement website (the "Settlement Web site"), and shall be mailed at no charge to Class Members who call a toll-free number to be established at Apple's expense ("Toll-Free Number"). This information shall remain available on the Settlement Web site until the last day of the Claims Period. All costs and expenses associated with complying with this provision shall be borne exclusively by Apple.
>
> B. EMAIL
>
> Apple shall e-mail a copy of the Summary Notice of Settlement substantially in the form attached to the Settlement Agreement as Exhibit B ("Summary Notice") to each Class Member for whom Apple has an e-mail address in its warranty registration database. The Summary Notice shall: (i) notify Settlement Class Members about the claims made and benefits available through the Settlement (ii) provide the Settlement Website address (hyperlinked in the e-mailed notice) with a description that the Class Notice and Claim Form are available on the Settlement Web site (iii) provide the Toll-Free Number where Settlement Class Members can call to obtain a Class Notice and Claim Form, and (iv) inform Settlement Class Members of the Apple Bumper offer described in Section II(C) above. All costs and expenses associated with complying with this provision shall be borne exclusively by Apple.

### C. PUBLICATION

Apple shall cause a copy of the Summary Notice to be published once in *USA Today,* a newspaper of national circulation, and once on a different date in *Macworld.* The Summary Notice shall not be less than 1/4 of a page in size. The Summary Notice shall include the address of the Settlement Website and the Toll-Free Number, again with the costs borne by Apple.

### D. INTERNET

A Settlement Web site will be established on the Internet where Class members may view and download the Settlement Notice and Claim Form and obtain answers to Frequently Asked Questions.

**Actions Requested of the Court**

By their Motion, Plaintiffs request the Court to enter a "Conditional Approval Order" granting preliminary approval of the proposed settlement in the form accompanying this motion, which is substantially in the form attached as Exhibit D to the Settlement Agreement. That order would authorize the tasks necessary to allow the proposed settlement approval process to commence. Those tasks include: (1) conditionally certifying the proposed Settlement Class; (2) preliminarily approving the Settlement Agreement; (3) approving and authorizing dissemination of Class Notice to the proposed Settlement Class Members; (4) establishing a schedule by which Settlement Class Members may exclude themselves from the Settlement Class or object to the proposed settlement, attorneys' fees, or Plaintiffs' incentive awards; 5. Appointing Class Counsel and the Class Representatives; and (6) setting a date for a Fairness Hearing.

### II. THE COURT SHOULD PRELIMINARILY CERTIFY THE PROPOSED SETTLEMENT CLASS

Plaintiffs propose that the Court provisionally certify this action as a class action under Rule 23 for the purpose of settlement. The Court must satisfy itself, at least conditionally, that the requirements of Rule 23 are met, and that the named plaintiffs may properly be appointed to serve as Class Representatives. *See* Manual for Complex Litigation (Fourth) § 21.632 ("The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)."); 4 William B. Rubenstein, Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 11.25 (4th ed. 2010).

Provisional certification is an appropriate device where an agreement to settle occurs before a class is certified for litigation. *See, e.g., Jaffe v. Morgan Stanley & Co., Inc.*, No. C-06-3903 THE, 2008 WL 346417, at *2-3 (N.D. Cal. Feb. 7, 2008); *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 1991529, at *2-3 (N.D. Cal. June 30, 2007). Although Apple would, if class certification were contested on the merits, argue otherwise,, the parties have agreed for purposes of settlement that the proposed Settlement Class may be certified under Rule 23(b)(3). The Settlement Agreement and the proposed notices provide that Settlement Class Members will have the opportunity to exclude themselves from the settlement class as Rules 23(c)(2)(B)(v) and 23(e)(4) require.

### A. The Numerosity Requirement Is Met

Rule 23(a)(1) allows a class action to be maintained if "joinder of all members is impracticable" owing, in primary part, to the large number of people in the proposed class. Fed. R. Civ. P. 23(a)(1); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Generally, the numerosity requirement is satisfied when the class comprises 40 or more members. *Celano v. Marriot Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007). In this case, the parties estimate that the proposed Settlement Class includes well over 21 million persons residing throughout the United States. Size renders joinder impracticable here and, Plaintiffs believe, satisfies the numerosity requirement. *See Hanlon*, 150 F.3d at 1019.

### B. The Commonality Requirement is Met

Rule 23(a)(2) allows a class action to be maintained if "there are questions of law or fact common to the class." "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019. Here, all proposed Class Members are Apple iPhone 4 owners.

Plaintiffs allege the same legal theories for all proposed Class Members:

   a) Whether Apple advertised and sold the iPhone 4 by promoting the product's speed and performance, when in fact, the actual performance was materially different, and worse, than promised;
   b) Whether the iPhone 4 was defective;
   c) Whether Apple was negligent in the design, manufacturing, and distribution of the

iPhone 4;
d) Whether Apple's representations amounted to an express warranty;
e) Whether Apple breached the warranty;
f) Whether Apple breached the implied warranty of merchantability;
g) Whether Apple breached the implied warranty of fitness for a particular purpose;
h) Whether Apple intentionally and/or negligently misrepresented material facts relating to the character and quality of the iPhone 4;
i) Whether Apple failed to disclose material facts about limitations in the speed and performance characteristics of the iPhone 4 to consumers;
j) Whether Apple forced Class members to pay unjust charges for the goods and services they were sold by Apple, as well as whether that failure violates statutory and common law prohibitions against such conduct;
k) Whether Apple violated state consumer protection laws; and
l) Whether Plaintiffs and the Class members are entitled to relief, and the nature of such relief.

Accordingly, Plaintiffs believe the commonality requirement is satisfied.

### C. The Typicality Requirement is Met.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [must be] … typical of the claims or defenses of the class." "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs and whether other class members have been injured by the same conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citations omitted). "[U]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Here, each proposed Class Representative experienced the Apple iPhone 4 signal attenuation and all share an interest in redressing those claims with all proposed Class Members. Thus, Plaintiffs believe their claims are typical of those of the proposed Settlement Class, and Fed. R. Civ. P. 23(a)(3) is met.

### D. The Named Plaintiffs and Class Counsel Are Adequate Class Representatives

Finally, Rule 23(a)(4) and Rule 23(g) together require that the named plaintiff and proposed Class Counsel be able to "fairly and adequately protect the interests of the class." "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their

counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Here, neither Plaintiffs nor their counsel have any interests antagonistic to the proposed Settlement Class. Furthermore, Plaintiffs and Class Counsel have vigorously prosecuted this action on behalf of the proposed Settlement Class, including filing and service of the lawsuits, self-organizing the various cases and counsel, filing a Master Consolidated Complaint, filing initial disclosures, initiating settlement negotiations with defense counsel, requesting confidential documents and data from Apple, analyzing the documents and data Apple provided, and moving the action forward to resolution. The attorneys who represent the proposed Class Representatives are well-qualified to serve as Class Counsel and indeed have handled similar nationwide high technology class actions to successful resolution in the past. The qualifications and experience of counsel are set forth in the Declarations of Ira P. Rothken, Stuart A. Davidson, Jennifer Sarnelli and Behram V. Parekh, attached to the hereto as Exhibits A-D.

### E. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3).

Once the subsection (a) prerequisites are satisfied, Federal Rule of Civil Procedure 23(b)(3) provides that a class action can be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individuals, and the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Pierce v. County of Orange*, 526 F.3d 1190, 1197 n.5 (9th Cir. 2008). Because settlement is proposed, the Court need not consider manageability. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (citation omitted) ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial").

The predominance inquiry looks to whether a proposed class is sufficiently cohesive to warrant adjudication by representation. *Id.* at 623. Common issues predominate where a

common nucleus of facts and potential legal remedies dominate the litigation. *See Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 962 (9th Cir. 2005). Here, Plaintiffs' claims arise out of the same set of operative facts and are premised on the same legal theories. For settlement purposes, where the manageability of trying the case need not be considered, the predominance requirement is satisfied.

In addition, a class action is superior to any other method available to fairly, adequately, and efficiently resolve the proposed Settlement Class Members' claims. Without a class action, most would find litigation costs prohibitive, and if they did sue in large numbers, multiple individual actions would be an inefficient use of the Court's and parties' resources. Accordingly, Plaintiffs believe a class action is the superior method of adjudicating this controversy.

### III. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT AS "FAIR, REASONABLE, AND ADEQUATE" UNDER FED. R. CIV. P. 23(e)(2)

Following certification for settlement purposes, Rule 23(e) requires that the Court make a preliminary determination of fairness.

> Review of a proposed class action settlement generally involves two hearings. First, counsel submits the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions or informal presentations by the parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

Manual for Complex Litigation (Fourth)§ 21.632; *see also* 4 NEWBERG ON CLASS ACTIONS § 11.25 (4th ed. 2010).

After the preliminary fairness evaluation has been made, the class has been certified for settlement purposes, and notice has been issued, the Court holds a Fairness Hearing to show that the proposed settlement is truly fair, reasonable, and adequate. *See* Manual for Complex Litigation (Fourth) § 21.633-34; 4 NEWBERG ON CLASS ACTIONS § 11:25 (4th ed. 2010).

Preliminary approval requires only that the Court evaluate whether the proposed settlement: (1) was negotiated at arm's-length, and (2) is within the range of possible litigation

outcomes such that "probable cause" exists to disseminate notice and begin the formal fairness process. *See* Manual for Complex Litigation (Fourth) § 21.632-33. The Ninth Circuit has identified a number of factors used to assess whether a settlement proposal is fundamentally fair, adequate and reasonable: (1) the strength of the plaintiffs' case and the risk, expense, complexity, and likely duration of further litigation; (2) the amount offered in settlement; (3) the extent of discovery completed and the stage of the proceedings; (4) the experience and views of counsel; (5) the reaction of the class members to the proposed settlement; and (6) any collusion between the parties. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000). To preliminarily assess the reasonableness of the parties' proposed settlement, the Court should review both the substance of the deal and the process utilized to arrive at the settlement. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) ("preliminary approval … has both a procedural and substantive requirement"). Each relevant factor supports the conclusion that the proposed settlement is fundamentally fair, adequate and reasonable.

### A. The Strength Of Plaintiffs' Case And The Risk, Expense, Complexity, And Likely Duration Of Further Litigation

The heart of Plaintiffs' claim is that Apple's iPhone 4 contains a defect that results in the reduction and/or elimination of cellular and wireless reception and performance when handling the phone as demonstrated in Apple's own advertisements or as a reasonable person would handle a mobile telephone while making phone calls, browsing the Internet, sending text messages, or utilizing other iPhone 4 features. While Plaintiffs and Class Counsel believe that their claims are meritorious and qualify for litigation on a class-wide basis, Apple has raised and would continue to raise, challenges to the claims' legal and factual bases. Although the parties differ as to the likelihood of Plaintiffs ultimately prevailing after judgment and appeal, it is apparent that the proposed Class has some risk with proceeding to litigate.

By contrast, the proposed settlement immediately provides the certainty of valuable benefits to the proposed Class Members. Among other benefits, the proposed settlement offers all proposed Class Members $15.00 in cash and the right to receive a free "bumper." *See*, *supra*,

page 3.)

If this case is not settled, it would be necessary to continue prosecuting the litigation through a trial and, even if successful there, through a potential appeal. There is certainty that any potential benefits to the proposed Class would be delayed for months or years if the case proceeds in litigation.

This Settlement Agreement, like all settlements, strikes a balance between the maximum possible recovery that the proposed Class might obtain by pursuing litigation to the very end, and the risk of failing to obtain any recovery should Apple prevail in litigation. In determining whether the terms of this Settlement Agreement are sufficiently fair, adequate and reasonable to justify the dissemination of Class Notice and the scheduling of a Fairness Hearing, the Court need only inquire at this juncture whether the consideration provided to the proposed Settlement falls within the reasonable range of settlement "by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (citing Manual for Complex Litigation (Fourth) § 21.62). The answer to that question is most certainly "yes."

The advantages to the proposed Class Members of approving the proposed settlement and quickly distributing to them the consideration provided exceeds what is likely to occur should this case proceed on a litigation track. For this reason, the strength of Plaintiffs' case and the risk, expense, complexity, and likely duration of further litigation suggest that the proposed settlement agreement is fair, reasonable and adequate under Fed. R. Civ. P. 23(e)(2).

**B.     The Amount Offered In Settlement**

In light of the uncertainties of litigation, the value of the proposed settlement offer is certainly adequate. Apple will provide all proposed eligible Settlement Class Members $15.00 cash. Settlement Class Members can also obtain a free "bumper" valued at $29. This is valuable consideration.

**C.     The Extent of Discovery Completed and the Stage of Proceedings**

The amount of discovery obtained prior to settlement is a factor in determining the fairness of settlement. *See Molski v. Gleich,* 318 F.3d 937, 953 (9th Cir. 2003), cited in

*Rodriguez*, 563 F.3d at 963 ("the extent of discovery completed and the stage of the proceedings" are factors in considering the fairness of a proposed settlement). Here, as the court's have repeatedly encouraged, the parties reached settlement relatively early in the litigation. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225 (9th Cir. 1989) ("In general, the policy of federal courts is to promote settlement before trial. 'Since it obviously eases crowded court dockets and results in savings to the litigants and the judicial system, settlement should be facilitated at as early a stage of the litigation as possible.'") (citing Fed. R. Civ. P. 16(c), advisory committee note); *In re M.D.C. Holdings Sec. Litig.*, No. CV89–0090 E (M), 1990 WL 454747, at *7 (S.D. Cal. Aug. 30, 1990) ("The judicial system and the public benefit from such prompt resolution of complex, potentially protracted litigation. Early resolution of complex cases is therefore much to be desired. It avoids having the court deal with all the problems a protracted, complex case can create and frees its resources so that other matters can be processed more expeditiously. Early settlements benefit everyone involved in the process and everything that can be done to encourage such settlements—especially in complex class action cases—should be done.")

Nevertheless, Plaintiffs' counsel did, in fact, obtain detailed confidential information regarding Apple iPhone 4 design and testing, among other things, from a confidential information exchange during settlement negotiations with defense counsel that began in June 2011 and continued for months thereafter. Plaintiffs' counsel believe, based on their extensive past experience in class action case, that the proposed settlement, rather than continued litigation, is the best option for the proposed Settlement Class.

### D. The Experience And Views Of Counsel

Class Counsels' collective experience suggests that the Parties' Settlement is a strong result for the proposed Class and warrants the Court's approval. Class Counsel's support for the proposed settlement confers a presumption of correctness. *See Rodriguez*, 563 F.3d at 965 ("This circuit has long deferred to the private consensual decision of the parties.") (citing *Hanlon*, 150 F.3d at 1027). See also, *Linney v. Cellular Alaska P'ship*, C-96-3008 DLJ, 1997 WL 450064, *5 (N.D. Cal. July 18, 1997) ("The involvement of experienced class action counsel and the fact that

the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair."), *aff'd,* 151 F.3d 1234 (9th Cir. 1998). *Duhaime v. John Hancock Mut. Life. Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass. 1997)(settlement is presumed fair where it is the product of arm's-length negotiations); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 184 (E.D. Pa. 1997) ("Significant weight should be attributed 'to the belief of experienced counsel that the settlement is in the best interest of the class'") (quoting *Austin v. Pa. Dep't of Corrections.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995).

Class Counsel are experienced class action litigators who have successfully litigated complex high tech oriented cases in the past. After weighing the risks and benefits associated with litigating this case, Class Counsel reached the opinion that proposed settlement is in the best interest of the proposed Class. (*See* Declarations of Ira P. Rothken, Stuart A. Davidson, Jennifer Sarnelli and Behram V. Parekh, attached hereto as Exhibits A-D, respectively.) This opinion is joined by California state Liaison counsel, William M. Audet of Audet & Partners, llp. The Court should afford that determination considerable weight. *See id.* at 20-21. Therefore, this factor weighs in favor of preliminarily approving the terms of the proposed settlement.

### E. The Reaction of Proposed Class Members To The Proposed Settlement

The reaction of the class members to the proposed settlement is not as meaningful a consideration when a court is determining whether to preliminarily approve settlement because notice has not been issued and class members are, as yet, unaware of the proposed settlement. Class members will receive substantial notice of the proposed settlement if it is preliminarily approved, and will have every opportunity to voice their opinions on the proposed settlement.

### F. Lack of Collusion Between The Parties

The trial court's evaluation of the settlement "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d

615, 625 (9th Cir. 1982). As discussed above, the proposed settlement is the product of extensive arms-length negotiations among well-informed, sophisticated counsel. Attorneys' fees were not discussed until after the substance of the Settlement Agreement and proposed class relief had been agreed upon. Both sides demonstrated by their actions that they are prepared to litigate this case through final judgment, if no acceptable resolution could be reached. In short there can be no question of any collusion. Settlement negotiations were a long drawn out process over many months, utilizing the expertise and services of the Hon. Daniel Weinstein (Ret.) and Catherine Yanni of JAMS. See generally, *Satchell v. Fed. Exp. Corp., No.* C 03–2659 SI, 2007 WL 1114010, at *4 (N.D.Cal. Apr.13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.")

### IV. THE PROPOSED NOTICE IS ADEQUATE AND SHOULD BE APPROVED

Rule 23(e)(1) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The Manual for Complex Litigation recommends that "[o]nce the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members. For economy, the notice under Rule 23(c)(2) and the Rule 23(e) notice are sometimes combined." Manual for Complex Litigation (Fourth) § 21.633. Combined notice helps to avoid confusion that separate notifications of certification and settlement may produce. In evaluating a notice program, therefore, the relevant question is "whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

Here, the parties propose to disseminate notice by e-mail notice, via U.S. Mail, by publication in two different print journals and publication on the Internet. Copies of the various Notice forms are attached to the Settlement Agreement as Exhibits A to C. The Electronic Settlement Notice will be sent via electronic mail to all proposed class members in Apple's warranty registration database for whom Apple has an e-mail address. The contents of the

electronic notices will also be made available via the Internet on a Settlement Web site. The electronic notices will provide recipients with a link to the full notices posted on the Settlement Web site, and a toll-free telephone number for more information or to obtain a mailed copy. The Court should, therefore, approve the proposed Notice and notice plan.[4]

### V. THE COURT SHOULD ADOPT THE PARTIES' PROPOSED SCHEDULE FOR CONSIDERING FINAL APPROVAL OF THE SETTLEMENT

The parties propose to the Court a schedule that is reasonably expeditious, yet gives all interested persons a full opportunity to learn about the proposed Settlement and have their views considered. The parties request that all notices be completed no later than 75 days prior to the Final Approval Hearing. If the Court grants the Order preliminarily approving the proposed Settlement, Plaintiffs are prepared to provide the Court with proposed dates for the completion of both the electronic and publication notices. The parties further request that the opening briefs in support of final approval of the proposed Settlement and in support of Plaintiffs' fee application be filed prior to the objection deadline and that class members objection and exclusions be filed no later than 25 days before the Final Approval Hearing. Finally, Plaintiffs' respectfully request an opportunity to file reply briefs addressing any objections 10 days prior to the Final Approval Hearing. Again, Plaintiffs are prepared to provide this Court specific dates to address these deadlines.

### VI. CONCLUSION

For the reasons discussed above, Plaintiffs request that the Court enter the Conditional Approval Order served herewith, which is substantially in the form attached as Exhibit D to the Settlement Agreement.

---

[4] Apple has further agreed to provide CAFA notice to the appropriate State authorities following preliminary approval.

Respectfully submitted,

ROTHKEN LAW FIRM

Dated: February 10, 2012    By: /s/ Ira P. Rothken

IRA P. ROTHKEN
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
Tel: (415) 924-4250
Fax: (415) 924-2905
ira@techfirm.com

Stuart A. Davidson
Mark Dearman
ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

Jennifer Sarnelli (State Bar No. 242510)
GARDY & NOTIS, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Telephone: (201) 567-7377
Facsimile: (201) 567-7337

Behram V. Parekh (State Bar No. 180361)
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue
Fourth Floor
El Segundo, CA 90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

Interim Co-Lead Class Counsel

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 10th day of February, 2012, with a copy of this document via the Court's CM/ECF system. I certify that all parties who have appeared in this case are represented by counsel who are CM/ECF participants.

/s/Jared R. Smith
Jared R. Smith