Thomas L. Cox, Jr.
State Bar 04964400
THE COX FIRM
4934 Tremont
Dallas, Texas 75214
(469) 531-3313
tcox009@yahoo.com

*Attorney for Objectors*

RECEIVED
JUN 1 4 2012
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE IPHONE 4 PRODUCTS LIABILITY LITIGATION | Case No.: 5:10-MD-02188-RMW |
| THIS DOCUMENT RELATES TO: All Actions | OBJECTION TO PROPOSED SETTLEMENT, OBJECTION TO ATTORNEYS' FEES REQUEST, NOTICE OF INTENT TO APPEAR, AND REQUEST TO SPEAK AT THE HEARING |

TO THE HONORABLE RONALD M. WHYTE:

COMES NOW, Frank Aldridge, John Davis, Jenny Dowdy, Larry Lavine, Paige Nash, Katie Sibley, Warren Sibley and David Stevens ("Objectors"), and file these Objections to the Proposed Settlement, Objections to Attorneys' Fees Request, Notice of Intent to Appear, and Request to Speak at the Hearing through counsel, and would show as follows:

1.  **Objectors Are Class Members**

    (a)  We are members of the Class.

    (b)  We are the original owners of an iPhone4 and have or will file a valid claim form.

1

## 2. Objection to Notice

The Notice given to class members is very bare bones and directs the class member to the settlement website for further information. The Federal Judicial Center in the Publication Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 2010 asks:

**Will key documents be available at a neutral website?**

> Class members should have access to information beyond the notice. Besides the summary notice and detailed notice (following the FJC examples at www.fjc.gov), it is reasonable to post the following documents at a neutral administrator's website dedicated to the case: the plaintiffs' complaint, the defendants' answer, your class-certification decision (in the event of a class certified for trial), and the settlement agreement and claim form (in the event of a settlement). Other orders, such as your rulings on motions to dismiss or for summary judgment, should ordinarily be made available as well.

As of June 12, 2012, the only court documents available on the settlement website are the Settlement Agreement and Preliminary Approval Order. In *Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), the court held that in a class action the fee petition must be filed before the date to object to the settlement. The court should expand *Mercury* to require that all relevant court documents be posted on the settlement website prior to the deadline to object or seek exclusion.

## 3. Objection to Certification

The definition of the class is not adequate and does not comply with due process or Rule 23. Rule 23 and due process require that the class definition be precise, objective and presently ascertainable. MANUAL FOR COMPLEX LITIGATION 4th, p. 270. To determine if an individual is a class member, a court must be able to do so by reference to the class definition and without inquiry into any sort of fact-finding.

The class definition is improper for the reasons set out below.  Because the class definition here (1) does not provide a precise, objective and presently ascertainable way to identify class members and (2) requires a "mini trial" to determine whether a particular person is in the class, the class definition is not appropriate and the Court should not certify the class.

The class here is defined as:

> All United States residents who are or were the original owners of an iPhone 4 as of February 17, 2012. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; and Apple's legal representatives, successors, and assigns.

Settlement Agreement p. 5.

There is no way to tell from Apple's records who or who is not a class member entitled to financial compensation because the claim form requires a class member must have experienced antenna or reception issues with their 4 iPhone, completed the trouble shooting steps, could not have returned their iPhone 4 without incurring any charges and were unwilling to use a case or free bumper for their iPhone 4.  Thus, class determination is presently ascertainable, who may be receive compensation or benefit from the settlement is not.

Cases under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 bear out the problem with the class definition here.  The two seminal TCPA cases on the class definition are *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) and *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162 (S.D. Ind. 1997).  *Forman* held:

> Here, defining the purported class as "all residents and businesses who have received *unsolicited facsimile advertisements*" requires addressing the central issue of liability to be decided in the case. Determining a membership in the class would essentially require a mini-hearing on the merits of each case.

*Id.* at 403 (emphasis by the court).

As the court emphasized, it was the inclusion of the factual finding requirement in the definition as to whether the fax was unsolicited that made the definition improper. In this case that same problem arises because the court would need to determine who meets the test set out above. Similarly, the *Kenro* court held:

> Because Kenro's class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or given permission for transmission of the challenged fax advertisements, Kenro has failed to meet the requirements of Rule 23(a).

*Kenro*, 962 F.Supp. at 1169.

The same problem exists here: for any individual, the Court would be required to conduct an individual factual inquiry to determine whether they had antenna trouble.

The fact that this is a settlement class does not provide for a lesser standard for the class definition. Whether the class is a litigation or settlement class, the definition must be precise, objective and presently ascertainable to comply with due process in giving fair notice to potential class members as to whether they are covered by the judgment. Settlement may eliminate problems with manageability, but it does not eliminate the due process requirement for providing a valid definition of the class.

Because the class definition is deficient, the Court should not certify the settlement class nor approve the settlement.

4

### 4. Objections to Intra-Class Conflicts Violating the U.S. Supreme Court's Intra-Class Equity Requirements and Barring Settlement Approval

The United States Supreme Court requires "intraclass equity" in any settlement, notwithstanding the class's common interest in "achieving a global settlement." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 858, 863 (1999). The court's preliminary approval of the settlement ignores this binding requirement.

This settlement unfairly and arbitrarily benefits some class members at the expense of others without any justification that satisfies Fed. R. Civ. P. 23(a)'s certification requirements. In particular, this settlement is unfair because it prejudices some of the members of the class. The class is defined as all United States residents who are the original owner of an iPhone4. Of the estimated 27 million member class, the class members who have already taken advantage of Apple's Free Bumper program will receive nothing. Class members must submit claim forms to receive these reimbursements and the claims process is needlessly complicated and designed to discourage the filing of a claim.

Objectors request the Court modify the proposed settlement to dispose of these glaring and manifestly inequitable provisions by allowing class members who took advantage of the Bumper Program to receive financial compensation. Additionally, the tainted class should be bifurcated under new class representatives.

Though the clear inequity demonstrated above is ample reason to find the settlement unfair and inequitable, the settlement also embodies failures of Rule 23(a)(3)–(4)'s typicality and adequacy of representation requirements.

### 5. Subclasses Must Comply with Rule 23(a) Certification Requirements

Subclasses are appropriate where a class includes groups divergent in interest. Fed. R. Civ. P. 23(a); *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 343 (3d Cir. 2010). Further, "when appropriate . . . (B) a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly." Fed. R. Civ. P. 23(c)(4). These statutes and case law, taken together, require all subclasses in a class action to comply with Rule 23(a) certification requirements as though they were regular classes. Fed. R. Civ. P. 23(c)(5); *In re Ins. Brokerage Antitrust Litigation*, 579 F.3d 241, 271 (3d Cir. 2009); *Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 449 n.4 (D.N.J. 2009).

Purported fairness alone cannot substitute for meeting Rule 23's certification requirements. Certifying a class merely because it is fair is a clear error of law. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 622 (1997). Crucially, before allowing a case to go forward as a class action a court must make all necessary legal and factual probes and consider all relevant evidence and arguments presented by the parties to ensure all of Rule 23(a)'s requirements are met. If they are not, the action cannot be certified as a class action. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 307 (3d Cir. 2008); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).

### 6. Is the Settlement Fair, Reasonable and Adequate for Class Members

While at first glance the settlement seems generous to class members, when it is examined closer it appears because of the needlessly complex claims process very few class members will go to the trouble to file a claim. The Court should look carefully at

the number of claims submitted during the Fairness Hearing as it is doubtful whether 50,000 class members will submit claims for the $15 payment.

In determining if a class action settlement is fair and reasonable the factors in a court's fairness assessment will naturally vary from case to case, but courts generally must weigh:

    (1)    the strength of the plaintiff's case;

    (2)    the risk, expense, complexity, and likely duration of further litigation;

    (3)    the risk of maintaining class action status throughout the trial;

    (4)    the amount offered in settlement;

    (5)    the extent of discovery completed and the stage of the proceedings;

    (6)    the experience and views of counsel;

    (7)    the presence of a governmental participant; and

    (8)    the reaction of the class members of the proposed settlement.

**7.    Class Counsel's Requested Attorney Fees are Unreasonable Because the Value of the Settlement to the Class is Impermissibly Overstated**

In their fee petition, class counsel makes no attempt to value the settlement, but their fee petition has a clear sailing agreement from Apple. This failure allows class counsel to ask for fees that will be more than the actual amount of financial payments to the class. In reviewing a proposed settlement it is the role of the District Judge to protect the class's interests, acting as a fiduciary for the class. *In re Rite Aid Corp Securities Litigation*, 396 F.3d 294, 307 (3d Cir 2005). The actual value to the class warrants careful scrutiny and additional information from the parties. Class counsel's fee petition are naked and egregious overestimations, of the value of the settlement to the class keeping

in mind that Apple will actually be out far less money in payments to the class than the fees awarded to class counsel. The only way to reliably calculate the actual value to the settlement class in this case is thus to base the calculation on the number of actual, successful reimbursement claims.

Under the foregoing, the attorney fee petition in this settlement is unreasonable because the value of the settlement to the class is questionable. The settlement should not receive final approval until the court has taken steps to remedy these valuation errors or the Court should defer a ruling on the fee petition until the claims period ends and the number of claims is known.

The amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable. The amount of the proposed attorneys' fee is an integral element in determining whether the settlement is fair, reasonable and adequate. The notice of settlement received by class members advises that class counsel will seek 5.9 million dollars plus expenses.

However, the fee request seeks lodestar multiplier of 2.1 according to the class counsel and is clearly excessive and should be reduced given the benefits obtained for the class.

**Relief Requested**

Wherefore, Objector prays that the Court deny the proposed settlement, deny the requested fees to Class Counsel and grant Objectors such other and further relief as to which Objectors may be entitled.

8

          Respectfully submitted,

Thomas L. Cox, Jr.
State Bar 04964400
THE COX FIRM
4934 Tremont
Dallas, Texas 75214
(469) 531-3313
tcox009@yahoo.com

ATTORNEY FOR OBJECTORS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon the following on the 13th day of June, 2012:

By FedEx to:

Clerk of the Court
United States District Court
Northern District of California
San Jose Division
280 South 1st Street
San Jose, CA 95113

And by Regular U.S. Mail and Facsimile Transmission to:

Rick Nelson
Class Member Relations
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-7423 (fax)

Penelope A. Preovolos
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7522 (fax)

Thomas L. Cox, Jr.

9