Joseph Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Alison Paul

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE iPHONE 4 PRODUCTS LIABILITY LITIGATION | Case No. 5:10-md-02188-RMW<br><br>**OBJECTION OF ALISON PAUL TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR**<br><br>Date: July 13, 2012<br>Time: 9:00 a.m.<br>Place: San Francisco Courthouse<br>CourtRoom 6, 4th Floor<br>280 South I Street<br>San Jose, California<br>Judge: Hon. Ronald M. Whyte |

CLASS MEMBER ALISON PAUL (hereinafter, "Objector") submits the following legal argument in support of her objection to the class action the settlement in *In re Apple iPhone 4 Products Liability Litigation*, Case No. 5:10-md-2188-RMW. Objector resides in Encinitas, California but redacts her personal contact information for privacy reasons. She may be contacted through counsel. The serial number of Objector's iPhone 4 is C8QG17THDDPC.

Objector respectfully submits the following to the Court:

///

## I. LEGAL AUTHORITY

### A. The District Court Owes a Fiduciary Duty to the Class

The court has a "duty under Rule 23 of the Federal Rules of Civil Procedure to protect absent class members and to police class action proceedings." *Strong v. BellSouth Telecommunications*, Inc., 137 F.3d 844, 849 (5th Cir. 1998). The duty requires a review of the details of the settlement presented to it for review. *Id.* Rule 23(e) of the Federal Rules of Civil Procedure provides that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." A settlement may only be approved after the court finds it is fundamentally fair, adequate and reasonable. *Id*. This rule has been read as a requirement for the court to "'independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished.'" *In Re Cendant Corp. Litig.*, 264 F.3d 201, 231 (3rd 2001), citing *In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 785 (3rd Cir. 1995).

The district court's scrutiny does not end with a detailed analysis of the settlement but terms, but rather, extends to the fee request made by counsel as well. The 2003 Committee Notes to Rule 23(h) state that "[a]ctive judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process. Continued reliance on case law development of fee-award measures does not diminish the court's responsibility. In a class action, the district court must ensure that the amount and mode of payment of attorney fees are fair and proper whether the fees come from a common fund or are otherwise paid. Even in the absence of objections, the court bears this responsibility." Committee Notes to Rule 23(h), 2003.

One such reason for the court's scrutiny lies in the inherent nature of class actions. Once a settlement is reached, both Class and Defense counsels' interests change. No longer vigorously advocating for their clients' interests, Class Counsel's interests are conflicted with the Class as they become another claimant to the very fund that they have created for their clients. Defense Counsel, alternatively, cares naught for the disbursement of fees to Class Counsel as payment of those fees will be deducted from the sum total that their client is already paying. It matters little to Defense Counsel whether Class Counsel takes 2% of the fund or 50% as the result is generally the same for their client in either scenario. Thus, the Court must become the fiduciary for the fund's beneficiaries and carefully monitor disbursement to the attorneys by scrutinizing fee applications. *Skelton v. General Motors Corp.*, 860 F.2d 250, 253 (7th Cir. 1988), cert denied, 493 US 810, 110 S. Ct. 53, 107 L. Ed. 2d 22 (1989.)

This Objector has reviewed the terms of this settlement and fee request and fear that neither the settlement nor the fee request are fair, reasonable or adequate.

**B.      The Attorney's Fee Award is Improper and Excessive.**

Class counsel request $5.9 million for their work on this case. (Notice ¶ 19.) As of the tie of writing this objection and as explained more fully below, counsel has provided this Objector and the Court with nothing by which to gauge the fairness or reasonableness of that request.

First, this is a claims made settlement with <u>no common fund</u>. This means that Defendant will only pay out according to the number of valid claims by class members which is historically a low number. Essentially, the only fund produced was for class counsel to the tune of $5.9 million. Second, there is no fee motion on file as of the time of writing this objection, in direct contravention with Ninth Circuit precedent and this Court's preliminary approval order. (Prelim. Approval Order, ¶ 16.) Accordingly, this Objector contends that the Court cannot grant the fee as requested.

1. *This is a Claims Made Settlement.*

It is well settled that claims rates in class action settlements typically range between 2% and 10%. See *Sylvester v. Cigna Corp*, 369 F.Supp.2d 34, 52 (D.Me. 2005) (Acknowledging that claims-made settlements "regularly yield response rates of 10 percent or less.")  In fact, there has never been a case in which a claims-made settlement fund was depleted entirely.  See, e.g., *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 370 F.Supp.2d 320, 321 (D. Me. 2005) (2% submission rate); *Buchet v. ITT Consumer Fin. Corp.*, 845 F.Supp. 684, 695 (D. Minn. 1994) (rejecting settlement with a 0.1% redemption rate); *Strong v. Bellsouth Telecomm., Inc.*, 173 F.R.D. 167, 169 (W.D. La 1997) (4.3% claims rate).  Objector requests that the Court take this well-known phenomenon into account in determining the allocation of fees to class counsel.

To avoid fee awards that are disproportionate to class relief, many district courts faced with this issue choose to defer a determination regarding fees until the relief to class members may be calculated. *See e.g.*, *Yeagley v. Wells Fargo & Co.*, 2008 WL 171083 (N.D.Cal., January 18, 2008)(1% claim rate); *In re Compact Disc*, 292 F. Supp.2d at 189-90 (Awarding attorneys' fees of 3% of value of redeemed coupons which was 30% of claimed lodestar,  stating "[t]o award class counsel the same fee regardless of the claim participation rate…would reduce the incentive in future cases for class counsel to create a settlement which actually addresses the needs of the class… Common sense dictates that a reasonable fee in a class action settlement is a fee that takes into account the actual results obtained.").  *See also*, *In re Excess Value Ins. Coverage Litig.*, 2005 U.S. Dist. LEXIS 45104 (S.D.NY 2006) at *28-33 (awarding class counsel fees in like amount to vouchers redeemed, which was 35% of lodestar.  "I have determined to delay award of attorney fees until experience shows how many vouchers are exercised and thus how valuable the settlement really is.").

This Circuit and many others deem the result achieved to be the preeminent factor in determination of fees.  See e.g. *In Re Omnivision Technologies, Inc.*, 559 F.Supp.2d 1036 (N.D. Cal. 2008).  Because there is no common fund, this Court has no barometer by which to gauge the reasonableness of class counsel's fee request under Ninth Circuit principles.  The Court should defer the ruling on fees until the actual fund becomes realized.

2.  *In the Alternative, the Court Should Utilize the Lodestar Because There Is No Common Fund*.

In the instance this Court chooses to award fees immediately, the lodestar methodology should be used.  Where the value of the common fund is uncertain, courts within this Circuit deem the lodestar as a superior method of awarding attorney's fees.  *Hanlon v. Chrysler*, 150 F.3d 1011, 1029 (9th Cir. 1998.)

The Ninth Circuit permits calculation of class counsel's attorneys' fees under either the lodestar or the percentage of the fund approach in cases that establish a common fund for the benefit of the class. *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d. 1291, 1295 (9th Cir. 1994.) Regardless of the method employed, awarding a reasonable fee is the hallmark of the common fund case, while arbitrary or unreasonable fee awards are to be avoided.  *In re Bluetooth Headset Products Liability Litigation* ---F.3d---, 2011 WL 3632604, *5 (9th Cir. August 19, 2011.)

When settlement relief will be paid on a claims-made basis, such as it will be here, "courts often use a lodestar calculation because there is no way to gauge the net value of the settlement or any percentage thereof."  *Hanlon*, 150 F.3d at 1029; See also *Blum v. Stenson*, 465 U.S. 886, 897 (1984). *Grays Harbor Adventist Christian School v. Carrier Corp.,* Not 2008 WL 1901988, *1 (April 24, 2008, W.D. Wash.) (Claims-made settlements ordinarily lend themselves more readily to calculation of attorneys' fees by lodestar.); *Pelletz v. Weyerhaeuser Co.*, 592 F.Supp.2d 1322, 1326 (W.D.Wash., 2009.) ("Under both federal law and Washington law, the lodestar method is best suited to evaluate the

5

attorneys' fees request in this case….Settlement relief will be paid on a claims made basis … Citing *Hanlon*, supra.)  See also, *Yeagley*, supra, (Requiring the district court to utilize the lodestar method to calculate fees where the value to the class could not be ascertained; in fact, there was no monetary relief.)

This case has produced no common fund.  The settlement only provides a $15 payment after the class member makes a concerted effort to prove his class membership.  (Settlement Agmt, § II(A).)  Certainly, most individuals will not go through the necessary steps to claim only $15 and thus, Defendant stands to get out of this settlement with a very valuable release of claims for very little out of pocket.  Accordingly, this Court should consider the practical outcome of this settlement in relation to the attorneys' fee award.  The requested award is both unreasonable and arbitrary because there is no fund to compare it to.  Objector urges the Court to defer ruling on the attorneys' fee award until all claims are submitted and the de facto common fund can be ascertained but, in the instance the Court chooses to award fees at the final fairness hearing, it should utilize the lodestar methodology both sensibly and as a matter of law.

**C.     Class Counsel Did Not Provide Their Motion for Fees.**

   1.   *This Failure Violates Ninth Circuit Precedent.*

Counsel bears the burden of demonstrating entitlement to their request for fees and the reasonableness of the request through detailed documentation of its efforts. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983.)  Here, class counsel has not provided the Court with any motion for fees at this time.

The Committee Notes to Rule 23(h) in 2003 state, "courts may take account of the fees charged by class counsel or other attorneys for representing individual claimants or objectors in the case. In determining a fee for class counsel, the court's objective is to ensure an overall fee that is fair for counsel

6

and equitable within the class." 2003 Committee Notes, Rule 23.  Thus, to ensure fairness, the Court must necessarily inquire into the nature and the source of attorney's fees requested by Class Counsel. *Hensley* 461 U.S. at 437.  Without a specific inquiry into what was billed and by whom, the Court and the Class must blindly trust that Class Counsel's efforts were efficient, non-duplicative, and spent in the Class's best interests.[1]

The Ninth Circuit recently had cause to opine on this issue in *In re Mercury Interactive Corp. Securities Litigation*.  This case clearly stated that a motion for fees and costs must be on file prior to the objection deadline.  The Court stated, "[a]llowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee."  *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 994 (9th Cir. 2010.)

Thus, this Circuit has recognized the necessity that Class Counsel submit detailed motions in support of their fee request under the federal rules of civil procedure, otherwise fairness cannot be ascertained.  This Objector requests that Class Counsel submit its motion for fees and relevant billing records prior to the fairness hearing so that all class members and the Court may have time to view them to determine whether the requested fee is a reasonable one. Objector likewise reserves her right to supplement this objection upon viewing same.

/ / /

---

[1] In calculating the attorneys' fees by lodestar method, instead of the percentage of the fund, the Ninth Circuit has held that "'mere summaries of hours worked in calculation of the Lodestar'" are impermissible. *Intel Corp. v. Terabyte Intern.*, Inc., 6 F.3d 614 (9th Cir. 1993); citing *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 122, 1231 (9th Cir. 1997)).)  Thus, even if this Court chooses to utilize the percentage of the fund method to award fees, the billing records must be inquired into since the Ninth Circuit relies on a lodestar cross check.

2. *This Failure Violates This Court's Preliminary Approval Order.*

The Preliminary Approval Order at page 4 states, "[n]o later than June 1, 2012, the Parties shall file all papers in support of the application for final approval of the settlement, and Plaintiffs shall file all papers in support of Class Counsel's petition for award of attorney's fees and reimbursement of expenses and request for stipends for the Class Representatives." (Doc. 47, ¶ 16.)  A review of the docket on June 14, 2012 makes clear that there is no such motion on file.  Class counsel is therefore in violation of a clear court order.

Fed. R. Civ. Proc. 54(2)(B) states that the timing for a motion for attorney's fees may be directed by Court order.  That was done here and class counsel has failed to abide by that deadline.  This Objector reserves the right to renew her objection upon review of the motion for fees.

**D.**     **Proof of Class Membership is Onerous and Will Deter Potential Claimants.**

The settlement agreement provides that a claimant to this settlement "fund" must submit their name, address, telephone number and serial number of their iPhone 4 in order to claim $15.  (Settlement Agmt, §IV(E).)  In the instance a class member no longer has their iPhone 4, he is required to contact Apple for instructions on how to make a claim.  (Settlement Agmt, § I(B)(1).)

To require such a process merely to claim $15 seems excessive and will likely act as a deterrent against claimants to the fund.  Claims funds already hover between 1 and 10% of the total possible class.  To add this additional obstacle will ensure the claim rate is at the low end of that spectrum, resulting in a windfall for both Defendant and class counsel.  This cannot possibly be deemed fair.  Objector requests that the requirement to make a claim be changed to permit a class member merely to sign a statement that he owned an iPhone 4.  This would be a far more reasonable method to ensure class members make claims.

/ / /

**E.      Joinder in Other Objections.**

This objector joins in all other well-pled objections submitted.

## II.     CONCLUSION

For the foregoing reasons and all others presented at oral argument, this Objector respectfully requests that the Court sustain her objections and grant the following relief:

A. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement;

B. Award an incentive fee to this Objector for her service in improving the fairness of the settlement, as well as consider awarding an attorneys' fee to her attorney.

Dated:   June 15, 2012                       By: ____/s/ Joseph Darrell Palmer_____
                                                     Joseph Darrell Palmer
                                                     Attorney for Objector

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2012, I electronically filed the foregoing OBJECTION OF ALISON PAUL TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system, to wit:


    /s/ Joseph Darrell Palmer
Joseph Darrell Palmer
Attorney for Objector