1

2

ROTHKEN LAW FIRM
IRA P. ROTHKEN (160029)
3 Hamilton Landing, Suite 280
Novato, CA  94949
Telephone:  415/924-4250
415/924-2905 (fax)
ira@techfirm.com

3

4

5

6

ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON
MARK DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com

7

8

9

10

GARDY & NOTIS, LLP
JENNIFER SARNELLI (242510)
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ  07632
Telephone:  201/567-7377
201/567-7337 (fax)
jsarnelli@gardylaw.com

11

12

13

14

KIRTLAND & PACKARD LLP
BEHRAM V. PAREKH (180361)
2041 Rosecrans Avenue, Third Floor
El Segundo, CA  90245
Telephone:  310/536-1000
310/536-1001 (fax)
bvp@kirtlandpackard.com

15

16

17

18

*Co-Lead Counsel for Plaintiffs*

19

20

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

21

22

23

24

25

26

27

IN RE APPLE IPHONE 4 PRODUCTS
LIABILITY LITIGATION

_____

THIS DOCUMENT RELATES TO:

All Actions

MDL Docket No. 10-2188 (RMW)

**PLAINTIFFS' MEMORANDUM IN
FURTHER SUPPORT OF THEIR MOTION
FOR FINAL APPROVAL AND IN
RESPONSE TO OBJECTIONS TO THE
PROPOSED SETTLEMENT**

DATE: July 13, 2012
TIME: 9:00 A.M.
CTRM: 6 - 4th Floor
Judge: Hon. Ronald M. Whyte

28

1

# TABLE OF CONTENTS

2 I.      BACKGROUND ..................................................................................................i

3 II.     THE PROPOSED SETTLEMENT IS FAIR REASONABLE AND ADEQUATE ............iii

4 III.    THE OBJECTIONS LACK MERIT AND SHOULD BE OVERRULED ........................iv

5       A.    The "Professional Objectors" Objections Should be Overruled ....................................v

6             1.    Professional Objection by Thomas L. Cox, Jr. on Behalf of Frank Aldridge, John
7                   Davis, Jenny Dowdy, Larry Lavine, Paige Nash, Katie Sibley, Warren Sibley
                    and David Stevens ....................................................................................................v

8             2.    Professional Objection by Darrell Palmer on Behalf of Alison Paul .................. ix

9       B.    Individual Class Member Objections Lack Merit ...........................................................x

10            1.    Abhishek Tripathi.................................................................................. xi

11            2.    Tonia Johnson.......................................................................................... xii

12            3.    Wesley Sullivant...................................................................................... xii

13            4.    Karabeth Bigford..................................................................................... xiii

14            5.    Charles L. Farnum ................................................................................... xiii

15            6.    Brittany Davis........................................................................................... xiii

16            7.    Greg Salomon.......................................................................................... xiii

17            8.    Michael J. Schulz ................................................................................... xiv

18            9.    Bert Chapa............................................................................................... xiv

19            10.   Jordan D. Maglich .....................................................................................xv

20            11.   Michael Karlesky .......................................................................................xv

21            12.   Burke O'Hara Fort.................................................................................. xvi

22 IV.    MINIMAL OPT-OUTS SUPPORT THE REASONABLENESS OF THE PROPOSED
23         SETTLEMENT............................................................................................... xvi

   V.     THE ATTORNEYS' FEES ARE FAIR AND SHOULD BE APPROVED ....................xvii
24
   VI.    CONCLUSION................................................................................................xviii
25

26

27

28

# TABLE OF AUTHORITIES

## CASES

*Berger v. Property ID Corp.,*
No. 2:05-cv-05373 (C.D. Cal. February 27, 2009) ...............................................9

*Browning v. Yahoo! Inc.,*
2007 WL 4105971 (N.D. Cal. Nov. 16, 2007) .............................................3, 12

*Churchill Village, LLC v. General Electric,*
361 F.3d 566 (9th Cir. 2004) .......................................................................3

*City of Detroit v. Grinnell Corp.,*
495 F.2d 448 (2d Cir.1974) .......................................................................11

*Collins v. Am. Honda Motor Co. Inc.,*
2006 WL 4103767 (Cal. Super. December 28, 2006) .....................................9

*Curtis-Bauer v. Morgan Stanley & Co., Inc.,*
No. 06-3903, 2008 WL 4667090 (N.D. Cal. Oct. 22, 2008) ..............................7

*Dewey v. Volkswagen of Am.,*
728 F. Supp. 2d 546 (D.N.J. 2010) .............................................................6

*Feder v. Elec. Data Sys. Corp.,*
248 F. App'x 579 (5th Cir. Sept. 25, 2007) ................................................6

*Forman v. Data Transfer, Inc.,*
164 F.R.D. 400 (E.D. Pa. 1995) ................................................................8

*Gemelas v. The Dannon Co.,*
No. 1:08-CV-236, ECF No. 96 (N.D. Ohio, Aug. 31, 2010) .............................9

*Glass v. UBS Fin. Servs., Inc.,*
No. C-06-4068, 2007 WL 221862  (N.D.Cal. Jan. 26, 2007) ........................3, 15

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) .................................................................12

*Harris v. Vector Mktg. Corp.,*
No. 08–5198, 2012 WL 381202 (N.D. Cal. Feb 6, 2012)..........................11, 12

*Hughes v. Microsoft Corp.,*
No. C93-0178C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ..................4

*In re "Agent Orange" Prod. Liab. Litig.,*
818 F.2d 226, 236 (2d Cir. 1987) ............................................................17

*In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.,*
789 F. Supp. 2d 935 (N.D. Ill. 2011).......................................................16

*In re Cathode Ray Tube (CRT) Antitrust Litigation,*
No. CV-07-5944-SC, 2012 WL 1319881 (N.D. Cal. April 16, 2012) ...................5

*In re Checking Account Overdraft Litigation,*
No. 09-MD-02036-JLK, 2011 WL 5873389 (S.D. Fla. Nov.22, 2011)................5

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.,*
MDL No. 09-1998, 2010 U.S. Dist. LEXIS 131775 (W.D. Ky. Dec. 13, 2010))..................6

*In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.,*
733 F. Supp. 2d 997 (E.D. Wis. 2010) .......................................................6

*In re Lifelock, Inc. Mktg. & Sales Practices Litig.,*
MDL No. 08-1977, U.S. Dist. LEXIS 130075 [sic.] (D. Ariz. July 24, 2009) ......................6

*In re MagSafe Apple Power Adapter Litigation,*
No. C09-0911 JW (ECF 307) (N.D. Cal. March 8, 2012) .................................................5, 9

*In re Mutual Fund Inv. Litig.,* MDL No. 1586,
No. 04-md-15863, 2011 WL 1102999 (D. Md. Mar. 23, 2011) ..............................................6

*In re Relafen Antitrust Litig.,*
231 F.R.D. 52 (D. Mass. 2005) ..............................................................................................18

*In re Rite Aid Sec. Litig.,*
396 F.3d 294 (3d Cir. 2005) ...................................................................................................18

*In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litig.,*
MDL No. 08-1982, 2010 U.S. Dist. LEXIS 48518 (D. Md. May 11, 2010) ..........................6

*In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.,*
No. 5:09–md–02015, 2011 WL 1877630 (N.D. Cal. May 17, 2011) ....................................11

*Johnson v. Apple Inc.,*
Case No. 106CV146501 (Santa Clara Super. Ct. April 18, 2012) ...........................................9

*Kenro v. Fax Daily, Inc.,*
962 F. Supp. 1162 (S.D. Ind. 1997) .........................................................................................8

*Lealao v. Beneficial Cal., Inc.,*
82 Cal. App. 4th 19 (Cal. App. 1st Dist. 2000) ....................................................................10

*Linney v. Cellular Alaska P'ship,*
151 F.3d 1234 (9th Cir. 1998) ...............................................................................................11

*Maley v. Del Global Techs. Corp.,*
186 F. Supp. 2d 358 (S.D.N.Y. 2002) ...................................................................................18

*Maywalt v. Parker & Parsley Petroleum,*
864 F. Supp. 1422 (S.D.N.Y. 1994), *aff'd* 67 F.3d 1072 (2d Cir. 1995) ...............................3

*In re Mego Fin. Corp. Sec. Litig.,*
213 F.3d 454, 457, 463 (9th Cir. 2000)....................................................................................4

*Officers for Justice v. Civil Serv. Comm'n,*
688 F.2d 615 (9th Cir. 1982)..................................................................................................11

*Perry v. FleetBoston Fin. Corp.,*
229 F.R.D. 105 (E.D. Pa. 2005) .............................................................................................16

*Rodriguez v. West Pub. Corp.,* No. CV05-3222,
2007 WL 3165661 (C.D. Cal., Sept. 10, 2007), *aff'd, Rodriguez v. West Pub.
Corp.,* 563 F.3d 948 (9th Cir. 2009).....................................................................................4, 9

*Shaw v. Toshiba Am. Info. Sys.,*
91 F. Supp. 2d 942 (E.D. Tex. 2000) .......................................................................................6

*Stoetzner v. U.S. Steel Corp.*
897 F.2d 115 (3d Cir.1990).....................................................................................................16

*The Authors Guild, Inc. v. Google, Inc.,*
2009 WL 2980745 (S.D.N.Y. September 8, 2009) ...................................................................9

*Torrisi v. Tucson Elec. Power Co.,*
8 F.3d 1370 (9th Cir. 1993).....................................................................................................18

*Turner v. Gen. Elec. Co.,*
No. 2:05-CV-186-FTM-99DNF, 2006 WL 2620275 (M.D. Fla. Sept. 13, 2006) ..................8

*U.S. Football League v. Nat'l Football League,*
887 F.2d 408 (2d Cir.1989).....................................................................................................11

*Van Vranken v. Atl. Richfield Co.,*
    901 F. Supp. 294 (N.D. Cal. 1995)................................................................................4

*White v. Experian Information Solutions, Inc.,*
    No. SACV-05-1070 DOC, 2011 WL 2971836 (C.D. Cal., July 15, 2011)...........................9

**<u>STATUTES</u>**

Federal Rule of Civil Procedure 23 ....................................................................................1

Plaintiffs[1] respectfully submit this memorandum in further support of their Motion for an Order and Final Judgment approving this Class Action Settlement under Federal Rules of Civil Procedure 23(c)(2) and (e) (Dkt. No. 52), and in response to certain objections to the proposed Settlement.

## I.   BACKGROUND

On February 17, 2012, the Court entered an Order that appointed Co-Lead Class Counsel and Class Representatives, conditionally certified a settlement class under Federal Rule of Civil Procedure 23(b)(3), preliminarily approved the parties' Settlement Agreement,[2] approved and directed a plan for giving notice to class members, and appointed the Settlement Administrator. (Dkt. No. 47).  That preliminary approval order also set deadlines for objecting to the proposed Settlement and for requesting exclusion from the Settlement Class, as well as other interim deadlines leading up to the final approval hearing, set for July 13, 2012.

In compliance with the Court's Order, Defendant Apple, Inc. ("Apple") has caused notice of this proposed Settlement to be sent directly by email to millions of Settlement Class members, published the notice in a major Apple magazine and a national newspaper. In addition, Notice of the proposed Settlement has been published in major news outlets around the globe.[3]  As the record reveals, millions of Class members have already received free iPhone 4s cases as a result of this litigation.[4]  To date, $75 million worth of cases have been provided to Class members.  As

---

[1]    Named plaintiffs are: Stacey Milrot, Christopher DeRose, Steve Tietze, Jeffrey Rodgers, Hung Michael Nguyen, Anthony Cologna, Joy Bearden, David Popik, Charles Fasano, Greg Aguilera II, Thomas Gionis, Christopher Bensberg, David Purdue, Michael James Goodglick, Karen Young, Joshua Gilson, Brandon Ellison Reininger, Trevor Antunez, Jessica Lares, Jaywill Sands, Bryan Colver, Jaclyn Badolato, Nicole Stankovitz, Vinny Curbelo, Kevin McCaffrey, Sam Balooch, Donald Garcia, Arcelia Hurtado, Mark Musin, Matt Vines, James Blackwell, and Jethro Magat.

[2]    All terms are given the same meaning as defined in the Parties' Settlement Agreement, which was attached as Exhibit A to Notice of Plaintiffs' Motion for Final Approval of Class Action Settlement, Docket No. 52.

[3]    A Lexis-Nexis search of "Apple iPhone 4 antenna settlement" (no quotation marks) shows that the Settlement of this action received news coverage on hundreds of media outlets worldwide, including CNN, MSNBC, PC World, CNET.com, PC Magazine, UPI, International Business Times, Engadget,com, Gizmodo.com, and local newspapers throughout the United States.

[4]    Following the filing of Plaintiffs complaints, Apple held a press conference announcing that it would provide a free case to all iPhone 4 owners upon request.  One of the case options was Apple's own "bumper" which is a case that wraps around the exterior of the iPhone 4. Throughout this motion, Plaintiffs refer to Apple's free case offer as the "Bumper Program."

PLAINTIFFS' MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR FINAL APPROVAL AND IN RESPONSE TO OBJECTIONS TO THE PROPOSED SETTLEMENT- 1

a result of the efforts of Plaintiffs' Counsel, under the proposed Settlement, the Bumper Program has now been extended for an additional eighteen (18) months beyond the last sale date of the iPhone 4 by Apple, so that all iPhone 4 owners will have the opportunity to obtain a free bumper if they so desire.[5]  The proposed Settlement also provides immediate economic benefits to the Settlement Class members in the form of a $15.00 cash payment if a Class member is not fully satisfied with the bumper solution or takes issue with the design integrity of iPhone 4.

The proposed Settlement occurred after considerable investigation, pretrial activities (including an MDL proceeding) and a meaningful exchange of information in order for the parties to determine the strengths and weaknesses of their claims and defenses.  As the record also establishes, the agreement was aggressively negotiated between the parties through arm's length negotiations under the supervision of the Honorable Daniel Weinstein, a retired California judge, and assisted by mediator Catherine Yanni, Esq over multiple full-day, in person, mediation sessions and these well-respected mediators have opined that the proposed Settlement is "fair, reasonable and adequate." Weinstein Decl. ¶3.[6]  As part of this process, the parties exchanged information and argued legal positions in the context of the mediation sessions, rather than before the Court.  As such, the Proposed Settlement negotiated by Co-Lead Counsel here fosters the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution.").

Furthermore, the proposed Settlement represents an outcome for the Settlement Class that provides immediate benefits and removes the risk, delay, and significant expense of further litigation.  This is especially important in a case of this kind because many Class members upgrade their phones after their two-year service contract expires, which for Class members who purchased their iPhone 4 when it was first introduced, would be June 25, 2012.  Thus, Plaintiffs

---

[5]  Under the terms of the proposed Settlement, Class members can request a free bumper for their iPhone 4.
[6]  Attached as Exhibit A to the Declaration of Ira P. Rothken ("Supplemental Rothken Decl.") is the Declaration of Honorable Daniel Weinstein, and Catherine Yanni, Esq. in further support of the Final Approval of the proposed Settlement (hereinafter "Weinstein Decl.").

1    were mindful that a quick resolution of the litigation would be in the best interests of Class

2    members.

3            Finally, as the record establishes, Settlement Class members have indicated their

4    overwhelming support for the proposed Settlement.  Here, the parties estimate that there are over

5    15.7 million members of the proposed Settlement Class owning more than 27 million iPhone 4s.

6    The objection period has expired, and, as of this date, only fourteen (14) written objections have

7    been received.  In relation to the size of the Class, this is a tiny fractional number of objections

8    and, as such, establishes that the Class overwhelmingly supports the proposed Settlement.  *See*

9    *Maywalt v. Parker & Parsley Petroleum*, 864 F. Supp. 1422 (S.D.N.Y. 1994), *aff'd* 67 F.3d 1072

10   (2d Cir. 1995) (granting final approval despite over 2700 objections), *Churchill Village, LLC v.*

11   *General Electric*, 361 F.3d 566, 577 (9th Cir. 2004) (upholding district court's approval of the

12   settlement with 45 objections); *Browning v. Yahoo! Inc.*, 2007 WL 4105971 (N.D. Cal. Nov. 16,

13   2007) (approving the settlement with 139 objectors); *Glass v. UBS Fin. Servs., Inc.*, No. C-06-

14   4068, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007) (granting final approval where, of 13,176

15   class members, 8 objected).  Further, of these 14 objectors, some have been filed by individuals

16   who are either represented by well-known "professional objectors," do not demonstrate

17   membership in the Class (as required to object), or both.  More important than the limited

18   number of objectors is the fact that the objections lack substantive merit and should be overruled

19   by the Court.  Finally, the class representatives also strongly support the proposed Settlement

20   further demonstrating the adequacy of the proposed Settlement.[7]

21   **II.      THE PROPOSED SETTLEMENT IS FAIR REASONABLE AND ADEQUATE**

22           The parties' Settlement Agreement proposes certification of a Settlement Class consisting

23   of:

24
25           All United States residents who are or were the original owners of an iPhone 4.
             The Settlement Class excludes Apple; any entity in which Apple has a controlling
26           interest;  Apple's directors, officers, and employees; and Apple's legal
             representatives, successors, and assigns.[8]

27   _____
     [7]   A true and correct copy of declarations of the representative Plaintiffs are attached as
28   Composite Exhibit B to the Supplemental Rothken Decl.
     [8]   The Court provisionally certified the class for all original owners of an iPhone4 as of
     February 17, 2012.  (Dkt No. 47, ¶ 3).

The parties estimate that there are over 15.7 million members of the Settlement Class owning over 27 million iPhone 4s.  The proposed Settlement provides, as more fully set forth in the Settlement Agreement, substantial benefits to Settlement Class, including, both economic and injunctive relief.  Specifically, the proposed Settlement provides:

      i.      All 15 million plus Class members are eligible to seek a cash payment of $15.00.  Plaintiffs were able to negotiate a settlement where Apple has agreed to pay all eligible claimants $15.00 cash **with no limit** or cap on the cumulative recovery by the class.

      ii.      Apple initiated its Bumper Program as a result of the filing of the lawsuits, pursuant to which approximately 2.61 million protective bumpers valued at $29 each (*i.e.*, over $75 million in products) were provided to Class members for their iPhone 4s between July 2010 and April 2012; and

      iii.      Apple is extending its Bumper Program, and will continue to offer Class members the protective bumper for their iPhone 4 for at least 18 months subsequent to the discontinuation of the iPhone 4.

The proposed Settlement included a narrow release of claims by Class members, which ensured that any of Class members' unrelated claims would not be waived.  It also provided that Apple would separately pay for notice to the Class, Plaintiffs' attorneys' fees and expenses as awarded by the Court, and service awards to the Class Representatives, as awarded by the Court.[9] These amounts do not and will not, in any way, impact the recovery to Class members.

## III.    <u>THE OBJECTIONS LACK MERIT AND SHOULD BE OVERRULED</u>

None of the 14 objections received – including those that do not comply with the Court's

---

[9]   The Settlement Agreement provides for the payment of $500 per Class Representative subject to Court approval. Service awards to class representative are routeinly granted in cases of this kind.  *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly typical in class action cases.").  Such awards are "intended to compensate class representatives for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the action."  *Id.*; *see also Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).  Moreover, the $500 awards requested here will be paid directly by Apple and will not reduce the recovery for the Class, and are fair and reasonable in the amount requested.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (approving service awards of $5,000); *Hughes v. Microsoft Corp.*, No. C93-0178C, 2001 WL 34089697, at *12-*13 (W.D. Wash. Mar. 26, 2001) ($7,500, $25,000, and $40,000 awards).

preliminary approval order[10] – demonstrate that the proposed Settlement is unfair or unreasonable.  In fact, many of the objectors confirm the defect alleged in Plaintiffs' Master Consolidated Complaint and simply express their desire to get more money as part of the proposed Settlement.  However, while understandable, wanting more is not an impediment to approving the proposed Settlement.  A careful review of each objection demonstrates that none present a plausible reason not to approve the proposed Settlement.[11]

### A.    The "Professional Objectors" Objections Should be Overruled

Two of the fourteen objections were logged by so-called "professional objectors." "[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors.  Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing." *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. CV-07-5944-SC, 2012 WL 1319881, at *3, n. 3. (N.D. Cal. April 16, 2012), citing *In re Checking Account Overdraft Litigation*, No. 09-MD-02036-JLK, 2011 WL 5873389, at *29, n. 30 (S.D. Fla. Nov.22, 2011). These professional objectors provide no meritorious arguments.  Instead, these professional objectors recycle previous arguments that have been rejected by numerous other courts, including courts in this District.  *See*, *In re MagSafe Apple Power Adapter Litigation*, Case No. C09-0911 JW (ECF 307) (N.D. Cal. March 8, 2012).  In *MagSafe*, Judge Ware of this District rejected the objections of both the professional objectors here.  Moreover, as set forth in greater detail below, their objections fail to present any meritorious basis to deny final approval of the proposed Settlement or the requested fee.

> 1.    **Professional Objection by Thomas L. Cox, Jr. on Behalf of Frank Aldridge, John Davis, Jenny Dowdy, Larry Lavine, Paige Nash, Katie Sibley, Warren Sibley and David Stevens**

Professional objector/lawyer Thomas L. Cox, Jr. filed an objection on June 14, 2012 (Dkt. No. 55) on purportedly on behalf of Frank Aldridge, John Davis, Jenny Dowdy, Larry

---

[10]    The Court's preliminary approval order required objectors to, among other things, "submit[] documentary proof that he, she, or it is a member of the Settlement Class . . . ." (Dkt. No. 47, ¶ 15).
[11]    A true and correct copy of each of the objections received that have not been previously filed with the Court are attached as Exhibit C to the Supplemental Rothken Decl.

Lavine, Paige Nash, Katie Sibley, Warren Sibley and David Stevens.  Mr. Cox is a frequent-flier for objections to class action settlements, and his professional, serial objector status is well-known to the federal judiciary, as his firm has appeared as an objector in numerous other cases. *See, e.g.*, *In re Mutual Fund Inv. Litig.*, MDL No. 1586, Case No. 04-md-15863, 2011 WL 1102999, at *1 n.1 (D. Md. Mar. 23, 2011) ("Clifton brings this objection by and through her attorney, Thomas L. Cox, Jr.  It appears that Mr. Cox is a frequent and professional objector, as he has objected or represented objectors in at least six other class actions since 2010.")  *See also In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litig.*, MDL No. 08-1982, 2010 U.S. Dist. LEXIS 48518 (D. Md. May 11, 2010); *Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546 (D.N.J. 2010); *In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 733 F. Supp. 2d 997 (E.D. Wis. 2010); *In re Lifelock, Inc. Mktg. & Sales Practices Litig.*, MDL No. 08-1977, U.S. Dist. LEXIS 130075 [sic.] (D. Ariz. July 24, 2009); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, MDL No. 09-1998, 2010 U.S. Dist. LEXIS 131775 (W.D. Ky. Dec. 13, 2010)).  As a professional objector, this Court should question both the merits and the motive behind his filing of objections in this case.

Putting the professional objector status of Mr. Cox aside, the joint objection he filed on behalf of eight individuals must be disregarded by the Court as it fails to state a sufficient basis for standing to object.  Both the Court's preliminary approval order and the notice clearly stated the requirements for filing an objection with this Court to the proposed Settlement.  Failure to follow those procedures is fatal to the objection's success.  *See Feder v. Elec. Data Sys. Corp.*, 248 F. App'x 579, at **1-**2 (5th Cir. Sept. 25, 2007) ("But only class members have an interest in the settlement funds, and therefore only class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing."); *Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d 942, 974-75 (E.D. Tex. 2000) (noting that objector who failed to substantiate his membership in the class did not have "proper standing" to object to class action settlement).  Among those simple requirements was to include the class member's iPhone 4 serial numbers.  This information is essential to determine if the person objecting is a Class member.  Absent this basic information neither counsel nor the Court can determine if the individuals are actually Class members.  Accordingly, the joint objection

should be rejected or otherwise disregarded as filed for individuals without any standing or legal basis to object.

Moreover, the "substantive" issues asserted by the joint objection lack substance. First, the professional objection alleges that the Court approved notice is inadequate. This assertion is baseless. The professional objection claims that "key documents" ought to be available on the proposed Settlement website. Without any authority for the proposition, the professional objection states that "all" the court pleadings should be posted on the proposed Settlement website. Posting every document in the case on the proposed Settlement website is not required. In fact, there is no requirement that a settlement website need to exist at all. *Curtis-Bauer v. Morgan Stanley & Co., Inc.*, No. 06-3903, 2008 WL 4667090, at *9 (N.D. Cal. Oct. 22, 2008) ("access to the web site is not required to make notice adequate"). Nevertheless, the parties do make the "key documents" available on the website including the Settlement Agreement and this Court's preliminary approval order. Moreover, in the Frequently Asked Questions section, the address of the U.S. District Court, Northern District of California is identified for anyone seeking additional documents, such as pleadings. All documents are also available electronically through various sources, including the Court's PACER system, and could also have been requested from Co-Lead Counsel, whose contact information was also provided. While the professional objection complains that these documents were not available on the website, they do not claim that they were unable to access these documents, that they asked Co-Lead Counsel in this litigation for such documents, or that had they been provided these documents, they would have made any different decisions. Thus, there is no evidence to support the professional objection's claim that notice was inadequate.

Second, the professional objection claims that the class definition is not, "precise, objective and presently ascertainable" because it is not readily ascertainable which members of the class will be eligible for compensation, since a claim form must be filed. The argument is both absurd and wrong. As is true in every class action settlement, the class does not change based on who ultimately files a claim form. Here the class definition is rather simple: All United State residents who are the original owner of an iPhone4. This definition could not be more basic. Despite the contention to the contrary, the class definition is not qualified by who will seek to make a claim or who received a free bumper. Class members do not have to address

issues of liability to determine if they are in the class as was true in the *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D. Pa. 1995) and *Kenro v. Fax Daily, Inc.*, 962 F. Supp. 1162 (S.D. Ind. 1997) cases cited in the professional objection.  Rather, if you are the original owner of an iPhone 4 and you are a United States resident you are in the class.

Next, the professional objection makes an incomprehensible argument that the proposed Settlement should not be approved because there is "interclass inequity."  This supposition is based on the misconception that, "class members who have already taken advantage of Apple's Free Bumper program will receive nothing."  This is just not true.  Settlement Class members can obtain a free bumper *and* make a claim for $15 cash.  These two complementary benefits in the Cash and Bumper Program are not mutually exclusive.  Thus, this argument is simply factually inaccurate and must be overruled.

The professional objector also inexplicably includes a section stating that subclasses must comply with Rule 23(a).  Obviously, the objector simply cut and pasted this objection from another objection he has filed in another court, as there are no subclasses in this proposed Settlement.  The professional objection also claims that the proposed Settlement is not fair because of the claims process.  Yet, a claims process is necessary to obtain the information necessary (such as the class member's name, address and serial number) to determine if the individual is actually a Settlement Class member and to know where to send the check.  There is simply no other mechanism for Apple to ascertain this information.  Moreover, determining distribution of proposed Settlement proceeds must necessarily include a claim form to prevent fraudulent claims.  *See Turner v. Gen. Elec. Co.*, No. 2:05-CV-186-FTM-99DNF, 2006 WL 2620275, at *7 (M.D. Fla. Sept. 13, 2006) (upholding settlement in which claim forms require attachments).

Finally, in a self-contradictory argument, the professional objection asserts that "class counsel makes no attempt to value the settlement" after stating that the "value of the settlement to the class is impermissibly overstated."  It is unclear which proposition the professional objection is asserting – do they believe Plaintiffs overstated the value or did not provide any value at all?  Either way the professional objection is wrong.  As has been established under the terms of the Settlement Agreement, Plaintiffs have neither overstated the value, nor failed to provide this

1    Court with an approximate valuation of the proposed Settlement.  Co-Lead Counsel negotiated a

2    highly valuable proposed Settlement designed to ensure that millions of Class members who

3    purchased the over 27.1 million defective iPhone 4s would be able to obtain free phone bumpers

4    valued at $29 each and a $15.00 cash award.  Furthermore, over $75 million worth of cases have

5    already been provided to Class members.   Simple mathematics demonstrates the substantial

6    benefit to the class obtained.

7         As described above, the filings by Mr. Cox with this Court are frivolous and interposed

8    for an improper purpose, and provide no substantive reason to reject the proposed Settlement in

9    this matter.   Instead, it appears that Mr. Cox has yet again appeared in another class action

10   settlement, filing essentially the same cut and paste objection that he has filed in other cases in

11   other Courts. Accordingly, as these objections lack merit, they must be overruled.

**2.     Professional Objection by Darrell Palmer on Behalf of Alison
          Paul**

12

13        The Law Offices of Darrell Palmer filed an objection on behalf of Ms. Paul on June 15,

14   2012 (Dkt. No. 56).  Mr. Palmer too is a well-known professional objector.[12]  In fact, one Court

15   identified Mr. Palmer as a "serial objector" when overruling his objection in that matter.  *See*,

16   Memorandum of Opinion and Order, *Gemelas v. The Dannon Co.*, No. 1:08-CV-236, ECF No.

17   96, *3 (N.D. Ohio, Aug. 31, 2010).  Again,, like Mr. Cox, Mr. Palmer has made a career out of

18   filing frivolous objections to any settlement he can, with little thought the bona fides of the

19   settlement itself.

20        This professional objection challenges' Plaintiffs request for attorneys' fees.  Initially, the

21   professional objection argues that Plaintiffs' attorneys' fee request is impermissible because

22   "class counsel has not provided the Court with any motion for fees."  This is simply inaccurate.

23

---

24   [12] *See, e.g., In re MagSafe Apple Power Adapter Litigation*, Case No. C09-0911 JW (ECF 307)
     (N.D. Cal. March 8, 2012); *Johnson v. Apple Inc.*, Case No. 106CV146501 (Santa Clara Super.
25   Ct. April 18, 2012); *White v. Experian Information Solutions, Inc.*, No. SACV-05-1070 DOC,
     2011 WL 2971836 (C.D. Cal., July 15, 2011); *The Authors Guild, Inc. v. Google, Inc.*, 2009 WL
26   2980745 (S.D.N.Y. September 8, 2009); *Berger v. Property ID Corp.*, Case No. 2:05-cv-05373
     (C.D. Cal. February 27, 2009) (ECF No. 897); *Rodriguez v. West Pub. Corp.*, No. CV05-3222,
27   2007 WL 3165661 (C.D. Cal., Sept. 10, 2007), *aff'd, Rodriguez v. West Pub. Corp.*, 563 F.3d
     948 (9th Cir. 2009); *Collins v. Am. Honda Motor Co. Inc.*, 2006 WL 4103767 (Cal. Super.
28   December 28, 2006).  Mr. Palmer objected to the proposed award of attorney's fees in each of
     these cases.

The notice of motion for fees and memorandum were timely filed by Plaintiffs and can be found at Docket Numbers 52-3 and 52-4.  Given Ms. Paul's and Mr. Palmer's failure to review and address the actual fee motion filed in this action, it appears that the remainder of the objection is based on general anti-class action fee sentiment, likely repeated from another of Mr. Palmer's objections, rather than the substance of the fee motion.  There is no reasonable dispute that the Court should exercise its right and obligation to oversee fee awards, as argued in the professional objection.  Indeed, apparently failing to read the documents on file with this Court, Ms. Paul cites cases that otherwise support Co-Lead Counsels' request for lodestar fees.  *See*, *e.g.*, *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19 (Cal. App. 1st Dist. 2000) (lodestar is the proper methodology for calculating reasonable attorneys' fee in the absence of an identifiable common fund); *see also Hanlon*, 150 F.3d at 1029 (noting that lodestar method is used more often in cases where "there is no way to gauge the net value of the settlement or any percentage thereof.")

Finally, despite the simplicity of the claims process, Ms. Paul asserts that the claims process is somehow "overly" burdensome because Class members must provide their name, address, phone number and serial number.  Ms. Paul proposes that the Court, "permit a class member merely to sign a statement that he owned an iPhone 4."  First, reflecting the lack of actually reviewing the claim form, it is in fact clear that Settlement Class members are not required to provide a phone number.  That information is optional.  Second, the claims administrator needs a claimant's name and address in order to mail a check.  Finally, providing the serial number serves as the only reliable basis to ensure that fraudulent claims are not made.[13] These basic and necessary requirements are not intended nor designed to be a valid claims deterrent.

**B.      Individual Class Member Objections Lack Merit**

The remaining objections have been lodged by individual Class members primarily seeking additional consideration.  Objections stating that class counsel should have received

---

[13]    The serial number for an iPhone 4 is readily available in the settings section of the device. Further, instructions on how to locate the serial number were clearly provided on the proposed Settlement website.  Ms. Paul does not contend that she was unable to locate her serial number, and that she was readily able to, is evidenced by the inclusion of her serial number in her objection.

more, especially in a case like this one that provides both cash and injunctive relief for the Class, are routinely rejected by the court. *See e.g.*, *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.,* No. 5:09–md–02015, 2011 WL 1877630, at *4 (N.D. Cal. May 17, 2011) ("To the extent that some individuals wish that class counsel had held out for a more favorable program, this type of "should have done better" objection routinely is rejected"); s*ee also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("This court has aptly held that "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what *might* have been achieved by the negotiators." *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982) (emphasis in original). Thus, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Id.* at 624 (citations omitted). As the Second Circuit has pointed out: "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 455 & n.2 (2d Cir.1974), *overruling on other grounds recognized by U.S. Football League v. Nat'l Football League,* 887 F.2d 408, 415 (2d Cir.1989). Furthermore, objectors seeking additional consideration have a viable alternative – they are entitled to "opt out rather than remain in the class." *Harris v. Vector Mktg. Corp.* No. 08–5198, 2012 WL 381202, at *3 (N.D. Cal. Feb 6, 2012). Thus, for these and the additional reasons discussed herein, each of the individual objections logged lacks merit.

### 1.      Abhishek Tripathi

Mr. Tripathi filed a one page objection on April 5, 2012 (Dkt. No. 50) noting that he has experienced the "signal quality attenuating on handling the phone" and as a result has missed important calls.   Mr. Tripathi's only complaint is that the $15 cash amount is not enough compensation.

This objection fails, because "[t]he question is not whether a better benefit could theoretically be provided, but whether the settlement is "fair, adequate and free from collusion.'"

*Browning*, 2007 WL 4105971, at *5 (*quoting Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). The Tripathi objection provides no rationale as to why the $15.00 cash and Bumper Program offered in the proposed Settlement is not "fair, adequate and free from collusion." Furthermore, seeking more consideration, without evidence that such amount is realistic or valid, is insufficient to sustain an objection to a proposed settlement. *See, Harris,* 2012 WL 381202, at *3 (finding that a class member that "objected on the basis that she is deserving of more money" was not sufficient grounds to sustain the objection as "[s]uch a recovery is not realistic."). Accordingly, the Tripathi objection lacks merit and should be overruled by this Court.

### 2. Tonia Johnson

Ms. Johnson filed an objection on April 5, 2012 (Dkt. No. 51) also consisting of just one page. Ms. Johnson similarly objected on the grounds that she wished to obtain more specifically that "Apple should replace all phones with a new version that does not have the defects that our phones had… or a voucher for a new Apple product."

As with the Tripathi objection, the Johnson objection does not address the reasonableness of the proposed Settlement, but rather proposes a result which would not realistically be achieved through settlement (or likely, even after a trial). Accordingly, the Johnson objection lacks merit and should be overruled by the Court.

### 3. Wesley Sullivant

Mr. Sullivant,[14] like the previous objectors, opposes the proposed Settlement because he believes the consideration should be higher. Mr. Sullivant explains that, as alleged in Plaintiffs' Master Consolidated Complaint, he was misled by Apple's advertisements and has been "hugely disappoint[ed] due to the disgustingly poor antenna reception." As stated herein the proposed Settlement provided Class members with an immediate and realistic benefit in the form of cash and a free case. Mr. Sullivant's objection based on what could have or should have been recovered is of the type routinely rejected by courts.

---

[14]   Mr. Sullivant's undated letter to counsel objecting to the proposed Settlement does not appear to have been filed with the Court as required by the procedures set forth in the notice. For this reason alone the objection should be overruled.

### 4.    Karabeth Bigford

Ms. Bigford also objects to the proposed Settlement in her April 22, 2012 letter to counsel[15] because she believes that the $15 cash payment is not enough to compensate her for the "inconvenience the phone has caused." Like the previous objections, Ms. Bigford provides no substantive objections in her three-line letter and simply seeks more money. As explained above, objections of this kind are routinely rejected and this objection should be overruled here.

### 5.    Charles L. Farnum

Mr. Farnum has also expressed in his objection that he has "had a lot of problems with the iPhone4 that went unsolved" and as a result does not think the proposed Settlement provides enough money in a letter he sent to counsel on April 5, 2012.[16] Again, this is the type of "should have done more" objection that is often rejected by the courts of this circuit and thus should be similarly rejected here.

### 6.    Brittany Davis

Ms. Davis explained in her May 29, 2012 letter to counsel[17] that she has "experienced great frustration from dropped calls because the signal attenuates." Thus, Ms. Davis's objection, like the other objections, simply seeks more than $15 and for the reasons explained herein should be overruled by this Court.

### 7.    Greg Salomon

Mr. Salomon explained in his April 21, 2012 letter to the Court[18] that he has experienced signal issues with his iPhone 4 and states that the iPhone 4 has "significant design flaws." Mr. Salomon seeks to have the proposed Settlement revised to allow class members to exchange their iPhone 4 for the iPhone 4S. Even if Plaintiffs had litigated this matter though trial it is unrealistic that such a result would have or could have been obtained by Plaintiffs. Thus, this objection

---

[15]  It does not appear that Ms. Bigford filed her objection with the Court and as such should be overruled for failure to follow the Court mandated procedure set forth in the preliminary approval order and notice to the Class.
[16]  Again, it appears that Mr. Farnum failed to file his objection with the Court and as such should not be considered by the Court for failure to follow the Court mandated procedure set forth in the preliminary approval order and notice to the Class.
[17]  Ms. Davis similarly failed to follow the procedure set forth by this Court and did not file her objection with the Court.
[18]  Mr. Salomon's letter is addressed to counsel and the Court but does not appear on the docket.

should be overruled for the reasons outlined above.  Further, Mr. Salomon requests the right to exclude himself from the proposed Settlement if he is not provided the opportunity to exchange his iPhone 4 for an iPhone 4S.  Having asked to exclude himself from the proposed Settlement, Mr. Salomon has no standing to object to the proposed Settlement.

### 8.    Michael J. Schulz

Mr. Schultz mailed a letter objection dated June 14, 2012 and e-filed by the clerk on June 19, 2012 (Dkt. No. 57).  The Schulz objection consists of a short statement of improper opinion and incorrect facts without any substantive discussion.  Mr. Schulz alleges that the claims process is overly burdensome, and that (despite the record showing otherwise), the Bumper Program initiated and then extended under the Agreement was not the result of Co-Lead Counsel's work.  For these reasons, Mr. Schulz concludes that the fees requested are "excessive" under the percentage of recovery (not sought here) or as a lodestar.

The claims process is simple.  Class members need only provide the most basic information (name, address and iPhone 4 serial number) and can either mail, email or upload the claim form to the proposed Settlement website.  Settlement Class members are not required to provide any documentation such as a proof of purchase.  Rather, the single page claim form was designed to be easily understood and completed.  Moreover, Apple's Bumper Program was initiated after the litigation was filed.  The Bumper Program has provided Settlement Class members with $75 million worth of cases to date and will now be extended 18 months beyond the last on-sale date of the iPhone 4.  It should be noted that the use of a case, such as the Apple bumper, resolves the attenuation problems.  Thus, this benefit alone is very substantial.  The settlement also provides $15 cash for Settlement Class members who are not satisfied with the Bumper Program or do not want to use a bumper or case. To compensate these individuals, Plaintiffs also negotiated for a cash component for the proposed Settlement.  The $15 cash, which is available to every member of the Settlement Class with no limit on the amount of claims or total claim amount, is a highly valuable benefit provided to the Settlement Class.

Mr. Schultz provides no basis at all to support his claim that the "settlement is inadequate" and thus his objection should be overruled.

### 9.    Bert Chapa

Mr. Chapa objects to the proposed Settlement in a letter to the Court dated June 14, 2012, because he alleges that the claims process is burdensome.[19]  As already explained herein, the claims process is not burdensome and thus this objection should be rejected.

### 10.  Jordan D. Maglich

Mr. Maglich sent a letter dated March 29, 2012 apparently as a shareholder of defendant Apple.[20]  Mr. Maglich does not appear to have standing to object as a Class member as the Settlement Class is not on behalf of shareholders but rather on behalf of consumer owners of the iPhone 4.  Mr. Maglich does not claim to own an iPhone 4 or to be a Class member.  Thus, as explained above with regard to the professional objection of Mr. Cox, this objection should be disregarded.  Substantively, Mr. Maglich's letter primarily challenges the nature of class action litigation.  Statements regarding the filing of the lawsuit, or as Mr. Maglich terms it "class actions sweepstakes" are not valid basis for objection.  *Glass*, 2007 WL 221862, at *8. ("[an objection that] challenges the filing of the lawsuit, and not the fairness of…the settlement…[does] not support rejection of the settlement.").  Furthermore, Mr. Maglich argues that the litigation and proposed Settlement is nothing more than a mechanism "to line the pockets of class-action attorneys."  Mr. Maglich's fundamental opinions regarding the nature of class actions and the attorneys that represent unsuspecting consumers who are the victims of corporate misrepresentations is irrelevant.  For the reasons stated herein and in Plaintiffs' previous filings, the proposed Settlement and requested attorneys' fees are fair, reasonable and adequate and Mr. Maglich's objections should thus be overruled.

### 11.  Michael Karlesky

Mr. Karlesky objects to the proposed Settlement in a May 22, 2012 letter to the Court[21] because his reception is "good" and he argues that as an engineer one must understand that there are trade-offs in the design of electronics.  Mr. Karlesky's individual experience with his phone

---

[19]  Mr. Chapa's letter is addressed to counsel and the Court but does not appear on the docket.

[20]  Mr. Maglich's letter is addressed to counsel and the Court but does not appear on the docket.

[21]  Mr. Karlesky's letter is addressed to counsel and the Court but does not appear on the docket.

1  or his personal view that the case should not have been filed obviously is not a basis for rejecting

2  the proposed Settlement.  Notably, Mr. Karlesky states no objection to the substance of the

3  proposed Settlement.  This is not in fact an "objection" to the proposed Settlement and should be

4  overruled by the Court.

5              **12.    Burke O'Hara Fort**

6              In a June 11, 2012 letter to the Court,[22] Mr. Fort primarily objects because he is releasing

7  claims against Apple but he does not qualify for the $15 cash payment.  Mr. Fort's remedy is

8  clear, he can opt-out of the proposed Settlement if he does not wish to be bound by the release.

9  As such this objection should be overruled.

10  **IV.    MINIMAL OPT-OUTS SUPPORT THE REASONABLENESS OF THE
        PROPOSED SETTLEMENT**

11

12              Of the over 15 million Class Members who purchased over 27.1 million units of the

13  iPhone 4, counsel has only received 94 opt-out requests.[23]  This low number of opt-out requests

14  strongly supports the reasonableness of the proposed Settlement.  *See Stoetzner v. U.S. Steel*

15  *Corp.* (3d Cir.1990) 897 F.2d 115, 118-19 (court found that objections by 29 members out of a

16  settlement class of 281 or 10% "strongly favors settlement."); *In re AT & T Mobility Wireless*

17  *Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 964-65 (N.D. Ill. 2011) ("A very small

18  percentage of affected parties have opposed the Settlement Agreement.  Only 235 out of over 32

19  million Class Members have opted out, which is less than 0.01%. Class Members have filed only

20  10 objections with specific arguments. Such a remarkably low level of opposition supports the

21  Settlement."); *Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 115 (E.D. Pa. 2005) (approving

22  settlement where "only 70 out of 90,000 potential class members opted out"); *Natural Gas Anti-*

23  *Trust Cases I, II, III & IV*, No. 4221, 2006 WL 5377849, at *2  (Cal. Super. Ct. Dec. 11, 2006)

24  ("When relatively few class members object to or exclude themselves from a class action

25  settlement, courts interpret that response as evidence that the settlement warrants final

26  approval.")..

27

28       [22]   Mr. Fort's filing is addressed to counsel and the Court but does not appear on the docket.
         [23]   A chart providing a list of each of the exclusion requests received is attached as Exhibit D
    to the Supplemental Rothken Decl.

## V.     THE ATTORNEYS' FEES ARE FAIR AND SHOULD BE APPROVED

Co-Lead Counsel's requested attorneys' fees and expenses in the amount of $5,900,000.00 is reasonable and should be approved by the Court.  Apple agreed not to oppose fees and expenses up to this amount as awarded by the Court.  No objector has provided a valid objection to the fees that will be paid solely by Apple and will in no way impact the recovery to the Class.  This fee and expense amount was the product of arm's-length negotiations between Class Counsel and Apple, with the assistance of two highly qualified mediators, and was negotiated only *after* the parties reached an agreement on the substantive terms of the proposed Settlement.  The fee amount arrived at through this negotiation was based upon the valuation of the services provided by Plaintiffs' counsel and is in line with previous settlements of this kind. *See* Weinstein Decl. ¶ 3.  Certainly a company such as Apple, represented by sophisticated counsel, is fully capable of valuing and negotiating fees for legal services.

Furthermore, as demonstrated in Plaintiffs' memorandum in support of the requested fee (Dkt. Nos. 52-3-52-4) Plaintiffs provided a substantial benefit to the Class.  The $15.00-per claimant monetary award, with no class-wide cap (or ceiling) on the class's recovery,  represents a significant collective benefit for Class members given the nature of the alleged harm and the potential risks of further litigation.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (district court must consider "the relationship between the amount of the fee awarded and the results obtained.").  Thus, this factor supports the fees requested by Co-Lead Counsel.  Also, Co-Lead Counsel prosecuted this case and advanced all necessary expenses, knowing that they would only receive a fee if there were a recovery.  *See* Declaration of Ira P. Rothken in Support of Motion for Final Approval and the Award of Attorneys' Fees (Dkt. 52-2) ("Rothken Decl."), Exs. A-E; *cf. In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 236 (2d Cir. 1987) ("We have labeled the risk-of-success factor as perhaps the foremost factor to be considered under the second prong of the lodestar analysis.") (internal citation omitted). And the billing rates applied by Co-Lead Counsel in this case to calculate their lodestar are reasonable and in line with prevailing rates in this District for personnel of comparable

1    experience, skill, and reputation.  *See* Rothken Decl., Exs. A at 2-3, B at 1-2, C at 2, & D at 1-2.

2    *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

3            As the record before this Court establishes, Co-Lead Counsel and liaison state counsel

4    have devoted almost two years to the litigation and nationwide resolution of the MDL and

5    parallel state actions.  Only after engaging in extensive and rigorous investigation of Apple's

6    iPhone 4 antenna technology and after consideration of the relevant law, were Co-Lead Counsel

7    in this case able to submit to this Court their proposed Settlement.  Through this investigation,

8    research and discovery, along with extensive, arm's-length negotiations, under the auspices of the

9    Hon. Daniel Weinstein (Retired) and Catherine A. Yanni, Esq., Plaintiffs and their counsel

10   obtained a proposed Settlement designed to ensure that over 15.7 million Class members who

11   purchased the over 27.1 million defective iPhone 4s would be able to obtain free phone bumpers

12   valued at $29 each and a $15.00 cash award.

13   The miniscule number of objections to the requested fee amount supports Plaintiffs' request.  *See*

14   *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1378 (9th Cir. 1993); *see also In re Rite Aid Sec.*

15   *Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (finding that district court did not abuse its discretion by

16   finding that the absence of substantial objections by class members to fee request weight in favor

17   of approval); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 79 (D. Mass. 2005) (approving fee

18   request despite four objections); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374

19   (S.D.N.Y. 2002) ("The reaction by members of the Class is entitled to great weight by the

20   Court.").  Plaintiffs, therefore, respectfully request that the Court award the full attorneys' award

21   sought.

22   **VI.   CONCLUSION**

23           The proposed Settlement is undeniably fair, adequate and reasonable.  As explained

24   herein all of the objections lack merit and thus should be overruled.  In view of the insignificant

25   number of objections, and their lack of merit, Plaintiffs respectfully request that the Court

26   approve of the proposed Settlement, fee and expense request, and service awards to Class

27   Representatives.

28

Respectfully submitted,

ROTHKEN LAW FIRM

Dated: June 29, 2012          By:          /s/Ira P. Rothken
                                           IRA P. ROTHKEN
                                           ROTHKEN LAW FIRM
                                           3 Hamilton Landing, Suite 280
                                           Novato, CA  94949
                                           Telephone:  (415) 924-4250
                                           Facsimile: (415) 924-2905
                                           ira@techfirm.com

Stuart A. Davidson
Mark Dearman
ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

Jennifer Sarnelli (State Bar No. 242510)
GARDY & NOTIS, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Telephone: (201) 567-7377
Facsimile: (201) 567-7337

Behram V. Parekh (State Bar No. 180361)
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue, Third Floor
El Segundo, CA 90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

Co-Lead Class Counsel

Joined by:

William M. Audet
Audet & Partner, LLP.
211 Main Street, Suite 1460
San Francisco, California   94105
Telephone: (415)982-1776
Liaison Counsel in the California JCCP Actions

(pending in the Superior Court of the State of California)

1

2

**Certificate of Service
and
Declaration Pursuant to General Order No. 45.VI.E**

3

4

5

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of June, 2012, with a copy of this document via the Court's CM/ECF system. I certify that all parties who have appeared in this case are represented by counsel who are CM/ECF participants.

6

7

8

This document was not filed via CM/ECF on the June 29, 2012 due date due solely to such technical failures of the Court's CM/ECF system. Pursuant to **GENERAL ORDER NO. 45.VI.E**, I declare that my failed attempts to file electronically were made at least two times after 12:00 noon separated by at least one hour on June 29, 2012 due to such technical failure.

9

10

/s/Jared R. Smith
Jared R. Smith

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28