UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE APPLE IPHONE 4 PRODUCTS LIABILITY LITIGATION

CASE NO. 5:10-md-2188 RMW

**ORDER RE SUPPLEMENTAL FILING OF NON-LEAD COUNSEL REQUESTING ATTORNEYS' FEES AND COSTS**

In its previous order, the court indicated that it would consider a properly supported request for attorneys' fees and costs from the twenty-three law firms that acted as non-lead counsel in this action. The court has now reviewed the supplemental declarations of non-lead counsel, which request a total of $548,360.75 in fees and $17,133.47 in costs. Importantly, the parties stipulated to the appointment of lead counsel on January 14, 2011, *see* Dkt. No. 12, and it is hard for the court to imagine a need for non-lead counsel to incur any significant fees or costs after that date. However, the majority of the declarations do not include itemized bills indicating when the requested fees and costs were incurred, making it difficult for the court to determine whether such awards are reasonable. *See Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) ("Attorneys' fees provisions included in proposed class action settlement agreements are, like

1

every other aspect of such agreements, subject to the determination whether the settlement is "fundamentally fair, adequate, and reasonable.'") (quoting Fed. R. Civ. P. 23(e)).

Accordingly, the court adopts the following approach. Where a law firm's declaration includes an itemized bill showing when expenses were incurred, the court will award fees and costs to the extent that they either accrued before the appointment of lead counsel or accrued after the appointment of lead counsel but appear to be reasonable and non-duplicative (i.e. a short amount of time reviewing joint filings or communicating with the non-lead counsel's own client). Otherwise, the requests from non-lead counsel are denied. The court therefore orders the following awards:

1) $15,993.75 in fees to Carp Law Offices

2) $12,280.00 in fees and $298.80 in costs to Charles A. Gilman, L.L.C.

3) $1,255 in costs to Felahy Law Group

4) $905 in costs to Hiden, Rott & Oertle, L.L.P.

5) $1,882.96 in costs to Kershaw, Cutter & Ratinoff, L.L.P.

6) $1,139.45 in costs to King & Feraluto

7) $350 in costs to Ram, Olson, Cereghino & Kopcyznski

8) $20,527.50 in fees to Silverman & Kane

9) $27,938.25 in fees and $350.00 in costs to The Sheena Law Firm

10) $60,125.00 in fees and $376.10 in costs to Ward & Ward L.L.P.

11) $747.95 in costs to Wexler Wallace L.L.P.

12) $545.37 in costs to Wilentz, Goldman & Spitzer, P.A.

It is so ordered.

DATED: September 13, 2012

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge

2